[No. C004423. Third Dist. May 4, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
SACRAMENTO BAIL BONDS, Defendant and Appellant.

**COUNSEL**

Brace & Crowdis and David G. Crowdis for Defendant and Appellant.

L. B. Elam, County Counsel, and Steven Kaiser, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

SIMS, J.— ■ ■■■■ Sacramento Bail Bonds (Bail Bonds) appeals from the trial court's order denying its motion to vacate a bail forfeiture.[1] The pertinent procedural history is as follows: In April 1987, Bail Bonds

---

[1]An order denying a motion to vacate a bail forfeiture is appealable. (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 655 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174]; *People* v. *Souza* (1984) 156 Cal.App.3d 834, 837, fn. 2 [203 Cal.Rptr. 80].)

furnished a $25,000 bond for defendant Charles George in a pending felony prosecution.

On August 31, 1987, following several continuances requested by defendant George, defendant and his attorney were present in superior court when the court set a trial status conference for October 23, 1987, and a trial date for October 26, 1987. The court did not expressly order defendant to appear at the status conference or at trial.

Defendant George failed to appear at the trial status conference on October 23. The trial court ordered bail forfeited and issued a bench warrant for defendant's arrest. In its brief, Bail Bonds acknowledges, "The Defendant has not appeared and is still at large." Bail Bonds moved to vacate the forfeiture, but the trial court denied the motion. Bail Bonds appeals from the order denying the motion.

## DISCUSSION

■ Bail Bonds contends the bail forfeiture was unlawful because defendant George's presence at the trial status conference was not "lawfully required," so a necessary condition for forfeiture under Penal Code section 1305 was not satisfied.[2] (All further statutory references are to the Penal Code.) Bail Bonds correctly notes a bail bond may be forfeited only if the provisions of section 1305 are satisfied. (See *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 905 [98 Cal.Rptr. 57, 489 P.2d 1385].)

Bail Bonds argues defendant was not "lawfully required" to be present at the trial status conference because he was not expressly ordered to be present. For this proposition, Bail Bonds cites language in *People* v. *Classified Ins. Corp.* (1985) 164 Cal.App.3d 341 [210 Cal.Rptr. 162] that, "Absent an order or other actual notification from the court that [the defendant's] appearance was required at a given date and time, the failure of [defendant] to appear cannot be grounds for forfeiture of bail under section 1305." (P. 346.)

---

[2] Penal Code section 1305, subdivision (a), states in relevant part: "If without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, *or upon any other occasion when his or her presence in court is lawfully required,* or to surrender himself or herself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and, unless within 15 court days from arraignment no complaint has been filed or the charges have been dismissed, the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds two hundred dollars ($200), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of bond, and shall execute a certificate of such mailing and place it in the court's file in the case." (Italics added.)

However, the circumstances of *Classified Ins.* are materially different from those here. Thus, in that case, no rule of law required the defendant's presence at the hearing at which he was absent—a hearing on a motion pursuant to section 995. (164 Cal.App.3d at pp. 344-345.) The Court of Appeal correctly noted section 977[3] did not require that defendant be present at the section 995 hearing. (*Id.* at p. 345; *People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 669 [111 Cal.Rptr. 757].) No other source of law requiring defendant's presence was discussed.

In the instant case, a rule of court required defendant's presence at the trial status conference. Rule 227.6, of the California Rules of Court, states: "A readiness conference shall be held within one to fourteen days before the date set for trial. Trial counsel shall appear and be prepared to discuss the case and determine whether the case can be disposed of without trial. The prosecuting attorney shall have authority to dispose of the case, *and the defendant shall be present in court.*" (Italics added; further references to rules are to the California Rules of Court.) This rule, effective January 1, 1985, is part of the "Criminal Trial Court Management Rules." It undisputably required George to appear at the trial status conference. No argument appears that the "trial status conference" was anything other than the "readiness conference" described by the rule. Since defendant did not otherwise execute a waiver of his presence pursuant to section 977 (see fn. 3, *ante*), his presence was required at the trial status conference pursuant to rule 227.6.

This case is further distinguished from *Classified Ins.* because in that case the defendant in fact had no notice of the hearing from which he was absent. There, defendant was not present when his attorney made his section 995 motion; indeed, counsel had apparently lost contact with him. (164 Cal.App.3d at p. 343.) Here, defendant and his attorney were told in open court of the date and time of the hearing. We think that this advice, together with the operation of rule 227.6, clearly made defendant's presence at the trial status conference "lawfully required" within the meaning of subdivision (a) of section 1305, since the trial court could rely upon "the good faith and good judgment of defense counsel" (*Cuyler* v. *Sullivan* (1980) 446 U.S. 335, 347 [64 L.Ed.2d 333, 346, 100 S.Ct. 1708]) to inform defendant that his presence was required.

---

[3] Section 977, subdivision (b), states in part: "In all cases in which a felony is charged, the accused must be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. *The accused shall be personally present at all other proceedings unless he shall, with leave of court, execute in open court, a written waiver of his right to be personally present, approved by his counsel, which waiver must then be filed with the court; . . .*" (Italics added.) The defendant executed no such waiver here.

To the extent *Classified Ins.* suggests in dictum that "before a court can forfeit bail a defendant's appearance must [always] be required by a specific court order commanding his appearance at a date and time certain" (164 Cal.App.3d at p. 344), we respectfully decline to follow it. To our knowledge no other case has construed section 1305 to require categorically such an order of court. Although *Classified Ins.* relied on *People* v. *National Auto. & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7 [143 Cal.Rptr. 540], the latter case expressly recognized section 1305 was satisfied ". . . when a defendant fails to appear on a date ordered by the court (*or otherwise required by* law, such as to surrender for judgment . . . .)" (*National Auto., supra,* 77 Cal.App.3d at Supp. 9, italics added.) Morever, *Classified Ins.*'s dictum is at odds with the established rule permitting forfeiture of an appeal bond. ■ Although section 1305 governs such a forfeiture, it is well recognized a forfeiture is appropriate where a defendant fails to surrender himself following an appeal even though the defendant has received no court order stating the time or place of his surrender. (See, e.g., *People* v. *Surety Insurance Co.* (1978) 82 Cal.App.3d 229, 234-235 [147 Cal.Rptr. 65]; *People* v. *Surety Ins. Co.* (1977) 76 Cal.App.3d 57, 60-61 [143 Cal.Rptr. 47]; *People* v. *United Bonding Ins. Co.* (1969) 274 Cal.App.2d 898, 899 [98 Cal.Rptr. 57, 489 P.2d 1385].)

■ At oral argument Bail Bonds suggested that, in the absence of a court order directing defendant's appearance at the trial status conference, the trial court was without authority to issue a bench warrant for defendant's arrest. Putting aside the fact Bail Bonds has not cited law making the issuance of a bench warrant a necessary condition of a bail forfeiture, the contention is unavailing because the trial court was authorized to issue a bench warrant upon defendant's failure to appear at the trial status conference.

Here, issuance of a bench warrant was authorized by section 978.5, set out in the margin.[4] That statute allows issuance of a bench warrant "when-

---

[4]Section 978.5 provides: "(a) A bench warrant of arrest may be issued whenever a defendant fails to appear in court as required by law *including, but not limited to,* the following situations: [¶](1) If the defendant is ordered by a judge or magistrate to personally appear in court at a specific time and place.

"(2) If the defendant is released from custody on bail and is ordered by a judge or magistrate, or other person authorized to accept bail, to personally appear in court at a specific time and place.

"(3) If the defendant is released from custody on his own recognizance and promises to personally appear in court at a specific time and place.

"(4) If the defendant is released from custody or arrest upon citation by a peace officer or other person authorized to issue citations and the defendant has signed a promise to personally appear in court at a specific time and place.

"(5) If a defendant is authorized to appear by counsel and the court or magistrate orders that the defendant personally appear in court at a specific time and place.

ever a defendant fails to appear in court as required by law including, but not limited to, [a number of enumerated] situations . . . ." Since defendant was required by law to appear at the trial status conference, as we have discussed, section 978.5 authorized issuance of a bench warrant upon his nonappearance. It is immaterial that the situation is not described by any of the enumerated situations in section 978.5 (see fn. 4, *ante*), because that statute expressly provides that the court's authority is not limited to the enumerated situations, which are illustrative.[5]

Since in this case defendant neglected to appear on an occasion when his presence was lawfully required, the trial court properly forfeited defendant's bail and correctly denied Bail Bonds's motion to vacate the forfeiture. (§ 1305, subd. (a); see *People* v. *Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256, 258 [125 Cal.Rptr. 529] [bail forfeited for defendant's failure to appear at plea negotiation conference].)

## DISPOSITION

The order appealed from is affirmed.

Puglia, P. J., and Marler, J., concurred.

A petition for a rehearing was denied May 30, 1989, and appellant's petition for review by the Supreme Court was denied July 19, 1989.

---

"(6) If an information or indictment has been filed in the superior court and the court has fixed the date and place for the defendant personally to appear for arraignment.

"(b) The bench warrant may be served in any county in the same manner as a warrant of arrest." (Italics added.)

[5] Although not cited by Bail Bonds, *Simmons* v. *Superior Court* (1988) 203 Cal.App.3d 71, 76 [249 Cal.Rptr. 721] held it error for a trial court to forfeit bail when a defendant had appeared by counsel. However, the case is inapposite because it involved a *misdemeanor* prosecution where an appearance by counsel is expressly authorized by subdivision (a) of section 977. (*Ibid.*; see also *People* v. *American Bankers Ins. Co.* (1987) 191 Cal.App.3d 742, 747 [236 Cal.Rptr. 501].)