[No. G015942. Fourth Dist., Div. Three. Aug. 29, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID DURAN JIMENEZ, Defendant and Respondent.

## COUNSEL

Michael R. Capizzi, District Attorney, Maurice L. Evans, Chief Assistant District Attorney, Wallace J. Wade, Assistant District Attorney, David L. Himelson and Eric W. Snethen, Deputy District Attorneys, for Plaintiff and Appellant.

Michael Ian Garey for Defendant and Respondent.

## OPINION

**WALLIN, J.**—David Duran Jimenez was charged with failing to appear on a felony charge under Penal Code section 1320.5,[1] and the trial court dismissed the action under section 995. The district attorney appeals, contending it presented sufficient evidence to justify a trial of the matter. We reverse.

---

[1]All statutory references are to the Penal Code unless otherwise noted.

Jimenez was convicted on felony drug charges and we affirmed. After the remittitur issued, the district attorney had the matter calendared in the superior court. He sent a letter to Jimenez's lawyer, telling him of the September 4, 1991, court date and asking him to secure Jimenez's presence.[2]

Jimenez was not present on September 4, and a bench warrant was ordered for his arrest. On May 12, 1992, an information was filed, charging Jimenez with failing to appear on a felony charge in violation of section 1320.5. He demurred on the ground the section did not apply to postconviction failures to appear. The demurrer was sustained, but we reversed on appeal. Jimenez brought a motion to dismiss the information under section 995, arguing he was not required to appear on September 4 in the absence of a court order, and competent evidence did not show his failure to appear was willful. The trial court granted his motion.

At the preliminary hearing on the failure to appear charges, the prosecution established Jimenez failed to appear on September 4. Gene Endsley testified he is the sheriff's investigator who brought Jimenez back from Laredo, Texas on January 13, 1992. In response to questions about his bail status, Jimenez told Endsley his brothers had put up their houses for bail, and they would lose them if he did not return by March 14. He agreed with Endsley's comment the brothers were going to be "a little POed [sic]."

Carl Armbrust testified he was the deputy district attorney assigned to the case on September 4, 1991. Jimenez's attorney told Armbrust at the courthouse that he had called Jimenez that morning, and Jimenez told him he would be in court.

█ The district attorney contends the trial court erroneously determined Jimenez could not violate the statute in the absence of a court order to appear on September 4. We agree. Section 1320.5 reads in relevant part: "Every person who is charged with the commission of a felony, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony."

The plain language of the statute does not specify a court order is necessary to make the defendant's presence "required," and Jimenez does

---

[2]In pertinent part the letter read: "The matter has been calendared for further proceedings on Wednesday, September 4, 1991, 9:00 A.M. in Department 5. Please arrange to have the defendant with you at that time so that all proceedings may occur in his presence. Should the defendant not appear, we will have no choice but to request the issuance of a Bench Warrant for his arrest."

not direct us to legislative history showing the Legislature intended otherwise. In section 1320, dealing with failures to appear when released on one's own recognizance, the Legislature also used "as required,"[3] but in section 1318, dealing with agreements for recognizance releases, the Legislature used the phrase "[t]he defendant's promise to appear at all times and places, *as ordered by the court . . . .*" (Italics added.)[4] The Legislature obviously was aware of the distinction and could have used the same language in sections 1320 and 1320.5 had it chosen to do so.

Jimenez points to section 978.5, which does not list appearance in court after the remittitur issues as a required appearance. But that section, dealing with the issuance of bench warrants upon a failure to appear, states expressly that required appearances are "not limited to" those listed in the section.[5]

---

[3]Section 1320 provides: "(a) Every person who is charged with the commission of a misdemeanor who is released from custody on his or her own recognizance and who in order to evade the process of the court willfully fails to appear as required, is guilty of a misdemeanor. It shall be presumed that a defendant who willfully fails to appear within 14 days of the date assigned for his or her appearance intended to evade the process of the court.

"(b) Every person who is charged with the commission of a felony who is released from custody on his or her own recognizance and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony, and upon conviction shall be punished by a fine not exceeding five thousand dollars ($5,000) or by imprisonment in the state prison, or in the county jail for not more than one year, or by both such fine and imprisonment. It shall be presumed that a defendant who willfully fails to appear within 14 days of the date assigned for his or her appearance intended to evade the process of the court."

[4]Section 1318 reads in relevant part: "(a) The defendant shall not be released from custody under an own recognizance until the defendant files with the clerk of the court or other person authorized to accept bail a signed release agreement which includes:

"(1) The defendant's promise to appear at all times and places, as ordered by the court or magistrate and as ordered by any court in which, or any magistrate before whom the charge is subsequently pending."

[5]Section 978.5 provides in relevant part: "(a) A bench warrant of arrest may be issued whenever a defendant fails to appear in court as required by law including, but not limited to, the following situations:

"(1) If the defendant is ordered by a judge or magistrate to personally appear in court at a specific time and place.

"(2) If the defendant is released from custody on bail and is ordered by a judge or magistrate, or other person authorized to accept bail, to personally appear in court at a specific time and place.

"(3) If the defendant is released from custody on his own recognizance and promises to personally appear in court at a specific time and place.

"(4) If the defendant is released from custody or arrest upon citation by a peace officer or other person authorized to issue citations and the defendant has signed a promise to personally appear in court at a specific time and place.

"(5) If a defendant is authorized to appear by counsel and the court or magistrate orders that the defendant personally appear in court at a specific time and place.

"(6) If an information or indictment has been filed in the superior court and the court has fixed the date and place for the defendant personally to appear for arraignment."

On the other hand, section 1305 lists failure to appear for execution of judgment after appeal as a ground for bail forfeiture.[6] We do not see how bail could be forfeited lawfully under these circumstances unless the defendant's presence was required.[7]

In *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118 [258 Cal.Rptr. 130], the surety argued the defendant's bail could not be forfeited under section 1305 for failing to appear unless the court had ordered him to be present for the particular proceeding. The Court of Appeal disagreed, finding the defendant's presence could be required by provision of law. (210 Cal.App.3d at pp. 121-122.) In doing so it rejected any dictum to the contrary in *People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341 [210 Cal.Rptr. 162]. (*People v. Sacramento Bail Bonds, supra,* 210 Cal.App.3d at p. 122; and see *People v. American Bankers Ins. Co.* (1990) 225 Cal.App.3d 1378, 1382 [276 Cal.Rptr. 210] [where the *Classified Ins.* court agreed with the *Sacramento Bail Bonds* analysis].)[8]

---

[6]Section 1305 reads: "(a) A court shall declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal."

[7]Section 1273 reinforces this conclusion. It provides in relevant part: "If the offense is bailable, the defendant may be admitted to bail . . . [¶] . . . [¶] . . . after conviction, and upon an appeal: . . . [¶] . . . [¶] . . . If judgment of imprisonment has been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or that in case the judgment be reversed, and that the cause be remanded for a new trial, that he will appear in the court to which said cause may be remanded, and submit himself to the orders and process thereof."

[8]The *Sacramento Bail Bonds* court also distinguished *Classified Ins.* on the ground the defendant's appearance was not required at a section 995 motion in the latter case, but was required for a trial status conference in the former case. (*People v. Sacramento Bail Bonds, supra,* 210 Cal.App.3d at p. 121.) The *Classified Ins.* court had reasoned that although section 977 generally requires a defendant's presence at all proceedings in the absence of a valid waiver, it was designed to protect the defendant's due process rights and could not be invoked to justify a bail forfeiture when the defendant failed to appear without any notice of the court date. (*People v. Classified Ins. Corp., supra,* 164 Cal.App.3d at pp. 345-346; see also *People v. North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 669 [111 Cal.Rptr. 757].)

The district attorney asserts Jimenez's presence after remittitur was required under section 977. We would be inclined to agree. Although the section may have been adopted to protect the defendant's due process rights, it nonetheless mandates his or her presence. There is no danger the section would be used unfairly against a defendant who was ignorant of the court date because section 1305 only allows bail forfeiture if the defendant fails to appear "without sufficient excuse," and section 1320.5 only allows for culpability if the defendant fails to appear with the specific intent to evade the court's process. (*People v. Wesley* (1988) 198 Cal.App.3d 519, 522 [243 Cal.Rptr. 785].) But because we find Jimenez's presence was required under section 1305, we need not decide whether section 977 mandated his presence as well.

Jimenez correctly notes *Sacramento Bail Bonds* dealt with bail forfeiture and not criminal culpability. But that distinction does not change the analysis on whether a court order is necessary to make a defendant's presence "required." Any due process distinctions between bail forfeiture and criminal culpability are taken into consideration by the specific intent requirement in section 1320.5 (*People* v. *Wesley, supra,* 198 Cal.App.3d at p. 522), and by the substantive and procedural protections provided in a criminal trial.

Jimenez claims we implicitly concluded in the district attorney's former appeal in this matter that a court order was required. He relies on Justice Moore's comment in his dissent that "[t]he plain language of the statute compels an interpretation that the phrase 'to appear as required' to refer to the process of court, an order." (*People* v. *Jimenez* (1993) 19 Cal.App.4th 1175, 1183 [24 Cal.Rptr.2d 137] (dis. opn. of Moore, J.).) Jimenez asserts the majority agreed with that proposition based on language in footnote 3. In footnote 3 we said, "The dissent is correct in every *factual* instance." (*Id.* at p. 1177, fn. 3, italics added.) We said nothing about his legal pronouncements. Had we done so, we would have disagreed with his conclusion for the reasons we have stated. Justice Moore cited *People* v. *Wesley, supra,* 198 Cal.App.3d 519 for his assertion, but we find nothing in the case speaking to that issue.

Our conclusion that a court order was unnecessary does not resolve the matter. Jimenez argued in his section 995 motion that the evidence supporting the information was insufficient in any event.

" '[A]lthough there must be *some* showing as to the existence of each element of the charged crime [citation] such a showing may be made by means of circumstantial evidence supportive of reasonable inferences on the part of the magistrate.' [Citation.] 'Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information.' [Citations.] Thus, the ultimate test is that ' " '[a]n *information will not be set aside or prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it.*' " ' [Citation.] [¶] We review the evidence in support of the information to determine whether as a matter of law it is sufficient, not whether the trial court's ruling was reasonable. [Citations.]" (*People* v. *Superior Court (Jurado)* (1992) 4 Cal.App.4th 1217, 1226 [6 Cal.Rptr.2d 242].)

In performing this task we consider only the admissible evidence. (*People* v. *Sally* (1993) 12 Cal.App.4th 1621, 1626-1627 [16 Cal.Rptr.2d 161].) Jimenez contends his attorney's statements were inadmissible hearsay

and violated the attorney-client privilege, and that his statements were obtained in violation of *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] and its progeny. We consider each claim.

The attorney's statement that he had told Jimenez of the court date and that Jimenez said he would be present was hearsay. The district attorney offers no exception in his brief, but in the trial court he claimed it was not hearsay, but an "operative fact," and that the attorney was unavailable. An operative fact, such as words forming an agreement, is not hearsay (see *People* v. *Dell* (1991) 232 Cal.App.3d 248, 261-262 [283 Cal.Rptr. 361]), but that was not what the statement here involved. And, although some hearsay exceptions require that the declarant be unavailable (see, e.g., Evid. Code, §§ 1230, 1251), there is no general exception of that ilk.[9]

Jimenez's statements to Endsley were also inadmissible. " '[T]he term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely [from the suspect's perspective] to elicit an incriminating response from the suspect. . . .' [Citation.]" (*People* v. *Boyer* (1989) 48 Cal.3d 247, 273 [256 Cal.Rptr. 96, 768 P.2d 610].) Endsley's questions about bail forfeiture show he knew Jimenez had been involved in some sort of failure to appear. He should have known his questions were reasonably likely to yield incriminating responses from Jimenez. Under *Boyer*, Jimenez's statements were inadmissible. (See also *People* v. *Morris* (1987) 192 Cal.App.3d 380, 387, 389-390 [237 Cal.Rptr. 402] [question concerning who defendant was accused of killing was improper even though it was done during booking and the officer may not have intended to elicit a damaging response].)[10]

But even without Jimenez's statements or those of his attorney, the evidence was sufficient to support the information. The evidence showed the attorney was notified of the court date. The court took judicial notice of the letter the district attorney sent to Jimenez's counsel, notifying counsel of the court date.[11] Nothing suggests the attorney did not receive the letter. The attorney had an ethical duty to inform his client of all material proceedings

---

[9]Because we find the statement was inadmissible hearsay, we need not address the attorney-client issue.

[10]Because we reach this conclusion, we need not determine whether questioning was prohibited because Jimenez may have had counsel.

[11]In his petition for rehearing, Jimenez makes several attacks on this evidence. He claims it was not authenticated, but he did not raise that objection at the preliminary hearing. He says the district attorney did not ask the magistrate to take judicial notice of the proof of service

in the case. (Bus. & Prof. Code, § 6068 ["It is the duty of an attorney to . . . respond promptly to reasonable status inquiries of clients and to keep clients reasonably informed of significant developments in matters with regard to which the attorney has agreed to provide legal services."]; see also *Shalant* v. *State Bar* (1983) 33 Cal.3d 485, 490 [189 Cal.Rptr. 374, 658 P.2d 737].)

One can infer from the letter and counsel's ethical duty that he made diligent efforts to contact Jimenez and inform him of the September 4 court date. From that, one can infer Jimenez knew of the court date but intentionally failed to appear. Although this evidence is far from that necessary to support a conviction, it provides "*some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it.*" (*People* v. *Superior Court* (*Jurado*), *supra*, 4 Cal.App.4th at p. 1226.)

The order granting the dismissal is reversed.

Sills, P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied September 26, 1995, and respondent's petition for review by the Supreme Court was denied December 14, 1995.

---

and the magistrate did not expressly state he was taking judicial notice. But the magistrate said he was taking judicial notice of "the file" after Jimenez's counsel had objected on the ground that the magistrate could not "take judicial notice and it would be hearsay to take judicial notice that the District Attorney's office properly mailed and sent it and that it was received or anything of that nature . . . ." From this we can infer the parties were speaking of the letter and proof of service and that the court took judicial notice of both. The hearsay objection was not well taken because a proof of service is exempt from the hearsay rule (*Conservatorship of Forsythe* (1987) 192 Cal.App.3d 1406, 1410 [238 Cal.Rptr. 77]), and the letter was not offered for the truth of the matter asserted, but only to show the attorney was notified. (Evid. Code, § 1200.)