[No. G035212. Fourth Dist., Div. Three. Dec. 13, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Benjamin P. de Mayo, County Counsel, and Leon J. Page, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**MOORE, J.**—Ranger Insurance Company (appellant), the surety on a bail bond, appeals from the trial court's order denying its motion to set aside bail forfeiture. Appellant contends the trial court lost jurisdiction by failing to declare bail forfeiture on the first date Juan Mario Sosa did not appear as ordered, and therefore, the trial court lacked jurisdiction to declare bail forfeiture on a subsequent date. We find no merit in appellant's contentions and affirm the judgment.

### I

### FACTS

On January 23, 2004, the trial court arraigned Sosa on a multiple-count felony complaint. The following day, appellant posted a $50,000 bail bond for Sosa's release. On January 28, Sosa appeared for a pretrial hearing, which was continued to February 2 by stipulation of the parties. The court set February 11 as the date for a preliminary hearing.

Sosa did not appear on February 2, 2004. According to the reporter's transcript for that date, defense counsel represented that although he had not talked to his client, counsel had spoken to Sosa's sister. According to Sosa's sister, Sosa did not think he needed to appear at the continued pretrial conference because he was not going to accept a plea offer. However, Sosa said he would appear for the preliminary examination on February 11. Based on defense counsel's representations, the trial court issued a bench warrant but held it until February 6. The court ordered Sosa to appear on that date and ordered the preliminary hearing date to remain. The court's minute order states, "Bail/Bond forfeiture deferred pursuant to PC 1305."

Defense counsel appeared on February 6, 2004, but Sosa did not. Defense counsel stated, "I have not had any contact with my client. I did—he called my office this morning and said he wouldn't come to court. I would ask to be relieved due to irremediable breakdown of attorney/client." The court granted counsel's request to be relieved, issued a $75,000 bench warrant, and forfeited the bond.

On February 13, 2004, the court mailed a notice of forfeiture to appellant, pursuant to Penal Code section 1305. (All further statutory references are to the Penal Code.) On August 9, 2004, appellant filed a motion to vacate the forfeiture and to exonerate the bond. Appellant asserted two grounds for relief in its moving papers: (1) The trial court lost jurisdiction over the bond when it failed to order a bail forfeiture on February 2, 2004, and (2) the trial court lost

jurisdiction of the bond when it failed to order a bail forfeiture in open court on February 6, 2004.

The trial court denied appellant's motion on January 7, 2005. On January 18, 2005, the court entered summary judgment in favor of the County of Orange (respondent). (§ 1306.) Appellant filed a timely appeal.

## II

## DISCUSSION

Appellant argues defense counsel's representations on February 2, 2004, do not constitute a "sufficient excuse" for his client's nonappearance. Specifically, appellant contends, "The record clearly indicates [defense counsel] stated to the court that the defendant had not contacted him. If counsel had no contact with defendant, it is not possible that he could present any reason or excuse for his absence." We disagree.

Section 1305, subdivision (a) provides, "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, *without sufficient excuse*, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal." (Italics added.) Section 1305.1 provides, "If the defendant fails to appear for arraignment, trial, judgment, or upon any other occasion when his or her appearance is lawfully required, but the court has reason to believe that *sufficient excuse may exist* for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant. [¶] If, after the court has made the order, the defendant, *without sufficient excuse*, fails to appear on or before the continuance date set by the court, the bail shall be forfeited and a warrant for the defendant's arrest may be ordered issued." (Italics added.)

On appeal, the trial court's ruling on a motion to set aside bail forfeiture is subject to the deferential abuse of discretion standard and will not be disturbed on appeal unless a clear abuse of that discretion appears in the record. (*People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1383 [59 Cal.Rptr.2d 777].) A clear abuse of discretion occurs when the trial court fails to declare an immediate forfeiture upon the nonappearance of a bailee without some rational basis to believe there is a sufficient excuse for the bailee's nonappearance. (*People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 923 [66 Cal.Rptr.2d 29].) "What types of showing have supported trial

court findings of a 'rational basis' for such belief? No rigid rules have been developed by . . . case law, and a case-by-case analysis is always performed. [Citation.]" (*Ibid.*)

■ Appellant argues the trial court had no rational basis to believe Sosa had a sufficient excuse for his failure to appeal on February 2, 2004, because defense counsel did not talk to him but relied on Sosa's sister's representations. However, appellant fails to cite a case, and we have found none, that holds personal contact between the bailee and his attorney must form the basis of an attorney's representations in court. Generally, the trial court may rely on the representations of defense counsel. (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 952 [134 Cal.Rptr.2d 199].) In fact, "The cases demonstrate that the courts have cooperated with defense counsels' requests and have liberally relied on their representations." (*People v. National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302, 306 [142 Cal.Rptr. 98].) As noted in *People v. Ranger Ins. Co., supra,* 108 Cal.App.4th 945, "Sufficient excuses have included representations the defendant wanted to be with his mother who had terminal cancer, representations the defendant had died, representations the defendant was then appearing in another criminal matter in another jurisdiction, representations the defendant had sought medical treatment for internal bleeding, representations the defendant had been in an automobile accident, and in the case most analogous to the case at bar, defense counsel's statement the defendant's absence may be due to an emergency, but that he might be available the next morning." (*Id.* at pp. 952–953, fns. omitted.) In some instances counsel's representations originate from contact with his or her client, but that is not a requirement. (See *People v. National Automobile & Cas. Ins. Co., supra,* 75 Cal.App.3d at p. 304 [the court relied on the bailee's mother's statement to a court clerk and relayed to the bailee's attorney].)

Here, the court postponed its decision to declare bail forfeiture based on counsel's representation that his client misunderstood the need to appear for the continued pretrial conference. Sosa had not previously failed to appear as ordered and defense counsel assured the court his client would appear for the preliminary examination already scheduled for February 11. Based on these facts, the court had a rational basis for its belief Sosa may have had a sufficient excuse for failing to appear on February 2.

Appellant also argues the court lacked jurisdiction and authority to declare a bail forfeiture on February 6 because Sosa had no actual notice of the requirement he appear on that date. We disagree.

■ "[S]ection 1305.1 has no requirement of actual knowledge of the continued date as a prerequisite for a declaration of forfeiture. Instead, section

1305.1 directs, '[i]f, after the court has made the order, the defendant, without sufficient excuse, fails to appear on or before the continuance date set by the court, *the bail shall be forfeited* and a warrant for the defendant's arrest may be ordered issued.' " (*People v. Ranger Ins. Co., supra,* 108 Cal.App.4th at p. 954, fn. omitted.) The operative date for notice purposes is the date the bailee first failed to appear as ordered, not the continuance date set by the court. In this case, Sosa had actual knowledge of the February 2, 2004 court date. There is no requirement in section 1305.1 that Sosa have knowledge of the February 6 continuance date.

Appellant's reliance on *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118 [258 Cal.Rptr. 130] and *People v. Classified Corp.* (1985) 164 Cal.App.3d 341 [210 Cal.Rptr. 162], is misplaced. In *People v. Sacramento Bail Bonds, supra,* 210 Cal.App.3d 118, the bail bond company argued the trial court erroneously ordered bail forfeited at a trial status conference because the bailee's appearance was not lawfully required. Although the trial court failed to expressly order the defendant to appear at a trial status conference, the appellate court upheld the bail forfeiture relying on a Rule of Court. Former rule 227.6 of the California Rules of Court required the defendant's presence at a trial readiness conference held one to 14 days before the date set for trial. (*People v. Sacramento Bail Bonds, supra,* at p. 121.) The appellate court explained, "Here, defendant and his attorney were told in open court of the date and time of the hearing. We think that this advice, together with the operation of rule 227.6, clearly made defendant's presence at the trial status conference 'lawfully required' within the meaning of subdivision (a) of section 1305. . . ." (*Ibid.*) Here, Sosa was expressly ordered to attend the February 2, 2004 pretrial conference.

In *People v. Classified Corp., supra,* 164 Cal.App.3d 341, the court forfeited bail when the defendant did not appear for a hearing on a section 995 motion. The bond company argued defendant had not been lawfully required to appear at the hearing and the appellate court agreed. (*People v. Classified Corp., supra,* 164 Cal.App.3d at p. 347.) However, the trial court had not expressly ordered the bailee to appear for the hearing on the section 995 motion. Here, as noted *ante,* the trial court specifically ordered defendant to appear on February 2, 2004.

In conclusion, we find the trial court had a rational basis to believe Sosa may have had a sufficient excuse for his failure to appear as ordered on February 2, 2004. When he failed to appear on February 2, the court granted Sosa a four-day grace period in compliance with section 1305.1. Therefore, the trial court had the jurisdiction and authority to declare a bail forfeiture on February 6 when Sosa again failed to appear.

## III

## DISPOSITION

The judgment is affirmed. Each party to bear its own costs on appeal.

Rylaarsdam, Acting P. J., and O'Leary, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 22, 2006, S140443. George, C. J., did not participate therein.