Filed 6/10/13  P. v. Continental Heritage Ins. Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047091 |
| v. | (Super. Ct. No. 10HF1185) |
| CONTINENTAL HERITAGE INSURANCE COMPANY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

Law Offices of Brendan Pegg and Brendan Pegg for Defendant and Appellant.

Nicholas S. Chrisos, County Counsel and Mark Batarse, Deputy County Counsel, for Plaintiff and Respondent.

\*          \*          \*

In July 2010, Alireza Al Sazefari was arrested on felony domestic violence charges, and appellant Continental Heritage Insurance Company issued him a bail bond for $150,000. Al Sazefari was personally present for his arraignment on those charges on Monday, November 15, 2010, but his retained defense counsel was not present. At that hearing Al Sazefari was specifically ordered by the trial judge to surrender his Iranian and American passports to the prosecutor for safekeeping within 48 hours, but because his counsel was absent, the arraignment itself was continued to December 20, 2010.

Al Sazefari failed to surrender his passports, so the prosecutor's office notified the trial judge's staff about it. Upon receiving this message the judge decided he was not going to take "unilateral" action, but rather scheduled a hearing for the afternoon of Thursday, November 18, 2010, so that Al Sazefari's lawyer could have notice and be present. No one, however, appears to have notified Al Sazefari.

At the Thursday afternoon hearing, the prosecutor asked the trial judge to revoke Al Sazefari's bail in light of his noncompliance with the order to surrender the passports. The trial judge, however, declined, "because the defendant was not ordered by the court to be here." The judge also kept the December 20 arraignment date.

But when Al Sazefari did not show up at the December 20 arraignment, the court ordered the bail bond forfeited. More than 16 months later, in April 2012, Continental Heritage filed a motion to vacate that forfeiture. The court denied the motion and this appeal ensued.[1]

---

[1] The order denying the motion to vacate was made on June 7, 2012. The notice of appeal was filed two weeks later on June 21, 2012 and is taken from the denial order of June 7. Even though a summary judgment formally providing that the County of Orange could recover the amount of the forfeited bail was filed in the interim, on June 18, 2012, the order denying the motion to vacate is appealable in its own right. (*People v. Wilcox* (1960) 53 Cal.2d 651, 654-655 ["The forfeiture of bail is an independent, collateral matter, civil in nature, and the effect of an order on a motion to set aside such a forfeiture is substantially a final determination at the trial court level of issues affecting the surety, aside from the principal matter before the court. . . . But appeals, after the denial of a motion to set aside a forfeiture, have been entertained without question of the appealability of such orders."].)

Continental Heritage makes this argument: Under Penal Code section 977, subdivision (b)(1),[2] Al Sazefari was lawfully required to be present in court at the November 18, 2010 hearing. It made no difference that the trial court did not specifically order him to be present, section 977 required him to show up anyway. (See *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118 [holding no formal court order needed to have been given defendant to require his presence at a trial status conference since it was required under section 977]; accord, *People v. Jimenez* (1995) 38 Cal.App.4th 795 [defendant was lawfully required to appear at a *post*conviction hearing even though not specifically ordered to do so].) And, since *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907, holds that whenever a trial court does not declare a bail bond forfeited at the first opportunity to do so, the trial court thereafter loses all *jurisdiction* to order a forfeiture again, the December 20 forfeiture was itself void.

In response, the County of Orange, respondent in this appeal,[3] invites us to wade into an intra-appellate court dispute over the applicability of section 977 to bail bond proceedings. Briefly, that dispute finds *Sacramento Bail Bonds* and *Jimenez* on one side, positing that section 977 means a defendant is lawfully required to be present at *any* felony hearing (unless, under the terms of subdivision (b)(1), the presence is otherwise excused by a written waiver with permission of the court). On the other side is *People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, which stands for the need for a "specific court order commanding" a defendant's presence at hearing to trigger a bail

---

[2] All statutory references in this opinion are to the Penal Code. Section 977, subdivision (b)(1) provides: "In *all cases in which a felony is charged, the accused shall be present at* the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. *The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided by paragraph (2)*. If the accused agrees, the initial court appearance, arraignment, and plea may be by video, as provided by subdivision (c)." (Italics added.)

In this case there is no dispute that Al Sazefari had not obtained leave of court pursuant to section 977, subdivision (b)(1) to execute the waiver of his "right" to be personally present.

[3] In Orange County it is a fiction that "the People" are a party to the proceedings. The money goes to the county and the county, as distinct from the district attorney's office, has appeared in its own name in this appeal.

3

forfeiture. (See *id*. at p. 344 ["Appellant contends that before a court can forfeit bail a defendant's appearance must be required by a specific court order commanding his appearance at a date and time certain. We agree."]; see also *People v. National Auto. & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7, 9 [no bail forfeiture where misdemeanor defendant failed to appear on date the bail bond itself indicated he was to appear].)

But there is no need in this appeal to choose sides in the *Sacramento Bail* versus *Classified Insurance* split over the proper scope of section 977. Even assuming, for sake of argument, that under section 977 the defendant in this case was lawfully required to have been physically present at the November 18, 2010 hearing, the trial court did not err in denying Continental Heritage's motion to vacate.

The core bail forfeiture statute is section 1305. Subdivision (a) of section 1305 lists five categories of proceedings or events which require bail forfeiture, including the catch-all: "Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required." (§ 1305, subd. (a)(4).) It is the phrase "lawfully required" in subdivision (a)(4) of section 1305 that is the ultimate origin of the disagreement between the *Sacramento Bail* and the *Classified Insurance* courts over the applicability of section 977 to bail cases.

However, there is no disagreement anywhere about the trial court's discretion to decline to declare a forfeiture of bail. In 1993, the Legislature added section 1305.1 to the Penal Code, which explicitly adopted "rational basis" language contained in *United Bonding*. (See *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 951, fn. 6 ("*Ranger 108*").)[4] The statutory language provides, as did the case, that if a trial court

---

[4]    Said the *Ranger 108* court: "The Legislature enacted section 1305.1 in 1993. . . . It restates in substance former section 1305, subdivision (b) as amended in 1969. It also embraces the Supreme Court's observations in *People v. United Bonding Ins. Co.* [*supra,*] 5 Cal.3d 898 even though the court was interpreting an earlier version of the statute which did not expressly permit the finding of a sufficient excuse to continue the matter without declaring bail forfeited on a defendant's initial nonappearance. In *United Bonding*, the court noted an immediate declaration of forfeiture was not automatically mandated with the defendant's first nonappearance: 'The failure to so declare an immediate forfeiture upon the nonappearance of a defendant bailee can be justified only

4

has a rational basis to conclude a defendant has a sufficient excuse for not appearing, forfeiture is not required. (E.g., *People v. Ranger Ins. Co.* (2005) 135 Cal.App.4th 820, 824 ("*Ranger 135*") [rational basis found in defendant's sister's statement which indicated defendant may have misunderstood need to stick around for pretrial conference].)

In the case before us, a rational basis for the trial court to conclude the defendant had a sufficient excuse not to show up at the November 18 hearing readily presents itself. The November 18 hearing was ad hoc, set in response to the district attorney's ex parte request the trial court to do something about the defendant's disobedience to a court order he surrender his two passports. Defendant himself received *no notice* of the hearing. We conclude that constitutes a rational basis for not forfeiting bail. Declaring bail forfeiture for failure to appear at a hearing about which the defendant has received no notice probably violates due process. It *certainly* provides a basis for the belief there exists a sufficient excuse for the defendant's nonappearance.

---

where there is *some rational basis for a belief* at the time of his nonappearance that there exists a *sufficient excuse* therefor.'" (Italics added.)

We therefore conclude there was a rational basis for the trial court's order, and its discretion was properly exercised. The order denying the request to vacate the forfeiture order is affirmed. Respondent County of Orange will recover its costs on appeal.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

IKOLA, J.