Filed 12/10/19; Certified for publication 12/17/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| COUNTY OF YOLO,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>AMERICAN SURETY COMPANY,<br><br>     Defendant and Respondent. | C087140<br><br>(Super. Ct. No. CV1849) |

Appellant, Yolo County (County), appeals from an order granting respondent's, American Surety Company (American Surety), motion to set aside the summary judgment and exonerate bail. The County argues Department 8 correctly exercised its discretion under Penal Code section 1305.1 finding, based on counsel's representations, there might be sufficient excuse for defendant's failure to appear (statutory section references that follow are to the Penal Code unless otherwise stated). Thus, the trial court retained jurisdiction to declare the bond forfeited when defendant failed to appear two

1

weeks later.  Accordingly, the County argues Department 13 erred in finding the trial court (Department 8) lacked jurisdiction to forfeit the bond.

We find Department 13 erred in setting aside the summary judgment.  Department 8 did not abuse its discretion under section 1305.1 to continue the case for a reasonable period of time to enable defendant to appear without ordering a forfeiture of bail.  We reverse the order and reinstate the summary judgment.  The County is to recover its costs on appeal.

FACTS AND PROCEEDINGS

The People charged defendant Francisco Estrella with numerous felony offenses, including assault with a deadly weapon and shooting at an inhabited dwelling with gang and firearm use enhancements.  The trial court set bail at $190,000.  On March 25, 2016, American Surety, through its agent Bail Hotline Bail Bonds, posted bond for Estrella's release.  Between March 25, 2016 and August 31, 2016, Estrella appeared at four hearings, April 11, May 18, June 9, and August 17.  At the August 17 hearing, the matter was ordered continued to August 31 for a section 995 motion and trial setting conference.

Defendant was not present in court on the morning of August 31.  The acting public defender, Monica Brushia, was unsure why defendant was not in court, and indicated she thought it was a misunderstanding because defendant had appeared at all his other hearings.  Estrella's regular public defender, Martha Sequeira, was in a different department on another matter and did not have defendant's telephone number with her, so Department 8 put the matter over to the afternoon to allow Sequeira to try to contact Estrella.

Defendant was not present at the continued afternoon hearing.  Sequeira informed the court she did not know why defendant was not in court, "but it's not like him to not be here because he's made every court appearance.  We have a really good working relationship and I just talked to his sister the day before yesterday, . . . not today's court

2

date, but his case in general. I have constant communications with him and his entire family. He's been working consistently for the last year and a half that I've been representing him on different matters. So I don't know why, but it's unlike him not to be present." She also indicated that she had not been the attorney in court with Estrella at the prior hearing. She remained certain his failure to appear could not "be because he's willfully trying to evade the process of the court. It has to be something that happened between him and the attorney in my office. And when I went to go talk to Mr. Borruso [the acting public defender at that hearing] this morning, who was here the time before and stood in for me, he didn't remember what they talked about. [¶] So I don't know. And I tried to make phone calls but his phone goes directly to voicemail, which is consistent with when he's at work. He doesn't answer the phone." The People did not object to the trial court finding sufficient excuse. Based on counsel's representations, Department 8 found sufficient cause to not forfeit the bond and set the matter for hearing on September 14, 2016, in Department 13. Defendant failed to appear at the September 14 hearing and the trial court ordered the bond forfeited.

After American Surety's efforts to return defendant to court and exonerate bail were unsuccessful, the trial court entered summary judgment. American Surety filed a motion in Department 13 to set aside the summary judgment, discharge forfeiture and exonerate bail. American Surety argued the court lost jurisdiction over the bond when it did not declare an immediate forfeiture of the bond when Estrella did not appear in court on August 31, 2016. The County opposed the motion, arguing that under section 1305.1, Department 8 had a rational basis to find there might be a sufficient excuse for Estrella's failure to appear. Department 13 granted American Surety's motion stating, "The Court isn't satisfied with the decision this Court made, but it may have been in error and I grant the motion."

3

DISCUSSION

The County contends Department 13 erred in granting American Surety's motion to set aside the summary judgment and exonerate bail. The County argues Department 8 correctly exercised its discretion under section 1305.1, and defense counsel's representations to the court were a rational basis on which Department 8 could find there might be sufficient excuse for defendant's failure to appear. Accordingly, the County argues Department 13 erred in finding the court did not have jurisdiction to declare the bond forfeited when defendant failed to appear two weeks later.

If a criminal defendant released on bail fails to appear at a lawfully required hearing, without sufficient excuse, the trial court must declare bail forfeited. (§ 1305, subd. (a)(1).) "If the court has no information that a sufficient excuse may exist so as to justify a continuance pursuant to section 1305.1, the court must declare a forfeiture. If the court fails to do so, it loses jurisdiction and the bond is exonerated by operation of law. [Citations.] The court does not have jurisdiction to declare a forfeiture later. [Citation.]" (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 48–49.) There is a limited exception to this rule under section 1305.1, if "the court has reason to believe that [a] sufficient excuse may exist . . . , [it] may continue the case for a [reasonable] period . . . to enable the defendant to appear without ordering a forfeiture of [the bond]." (§ 1305.1.) "Thus, the court has the discretion to continue a hearing, and retain its jurisdiction to declare a forfeiture, as long as it has reason to believe that a sufficient excuse exists for the defendant's nonappearance. [Citation.]" (*People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 134 (*Financial Casualty & Surety, Inc.*).)

Generally, we review an order resolving a motion to vacate a bond forfeiture under an abuse of discretion standard, "subject to constraints imposed by the bail statutory scheme." (*County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488,

4

1491-1492.) "As the Supreme Court has noted, however, '[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 543.) "[W]here, as here, the facts are uncontested, and the issue concerns a pure question of law, we review the decision de novo." (*People v. Accredited Surety & Casualty Co.* (2018) 26 Cal.App.5th 913, 917; *People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 919 (*Amwest Surety Ins.*).) Moreover " ' [w]hen a statute requires a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, or to act subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.' [Citation.]" (*County of Orange v. Lexington Nat. Ins. Corp., supra*, 140 Cal.App.4th at pp. 1491– 1492; *County of Los Angeles v. Fairmont Specialty Group, supra*, 173 Cal.App.4th at p. 543.) Department 13's ruling on the motion to discharge the forfeiture, set aside the summary judgment and exonerate bail, was essentially a jurisdictional question. (*Amwest Surety Ins.*, at p. 920.) "Because the relevant facts are undisputed and only legal issues are involved, we conduct an independent review." (*County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 314.)

The determination of whether an excuse for nonappearance is sufficient is decided on a case-by-case basis. (*Financial Casualty & Surety, Inc., supra*, 14 Cal.App.5th at p. 135.) Importantly, "the test is not whether it has been conclusively demonstrated a defendant had an actual and valid excuse for his nonappearance to justify continuing a hearing without declaring a bail forfeiture." (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 953.) Section 1305.1 "requires the court [to] only have 'reason to believe that sufficient excuse *may* exist for the failure to appear.' " (*Ibid.*, fn. omitted, quoting § 1305.1.) Defendant's past history of making court appearances "over a several

month period provided a 'rational basis' for believing there might be a sufficient excuse for the defendant's absence." (*Ibid.*)  So, too, does the possibility that there was a misunderstanding or miscommunication between defendant and counsel about the need to appear at the hearing.  (*Financial Casualty & Surety, Inc.,* at pp. 131, 136 [court retained jurisdiction to declare forfeiture when counsel believed defendant may have been confused about the court dates]; *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1292-1293 [misunderstanding or miscommunication about required attendance in court, combined with history of appearances, sufficient excuse to retain jurisdiction]; *People v. Ranger Ins. Co.* (2005) 135 Cal.App.4th 820, 822, 824, 825 [sister's representation to counsel that defendant did not think he had to appear was sufficient to retain jurisdiction].)  And, the possible excuse proffered for defendant's nonappearance need not be a certainty.  (*Amwest Surety Ins., supra*, 56 Cal.App.4th at pp. 925-926 [no loss of jurisdiction to declare forfeiture based on counsel's representation " 'there may be an emergency' "]; *Ranger, supra,* 108 Cal.App.4th at p. 953 [counsel's statement that he had called every number he knew and was concerned "something must have happened" to defendant combined with appearance history was sufficient to continue jurisdiction].)

Here defense counsel had been representing defendant for over a year and a half. She had a good working relationship with him and his family, and had discussed the case with his sister shortly before the hearing.  Although she could not reach him by phone on the day of the hearing, that inability was consistent with his practice of turning off his phone when he was working.  During her representation of him for over a year and a half, defendant had a history of "mak[ing] every court appearance."  Because she had not been at the prior hearing, she believed there must have been some misunderstanding between defendant and Borruso, who had stood in for her at the prior hearing.  Counsel's representations provided a rational basis for Department 8 to find there might be sufficient excuse for defendant's nonappearance.  Department 8's acceptance of

6

counsel's representations is consistent with the practice of trial courts that "have cooperated with defense counsels' requests and have liberally relied on their representations." (*People v. Ranger Ins. Co., supra*, 135 Cal.App.4th at p. 824.) Accordingly, Department 13 erred in granting the motion to vacate the summary judgment on the basis that Department 8 lacked jurisdiction to enter summary judgment at the time that it did.

## DISPOSITION

The order granting the motion to discharge the forfeiture, set aside the summary judgment and exonerate bail is reversed and the summary judgment and costs order are reinstated, with such further proceedings to take place as necessary to adjudicate a further award of costs under section 1305.3. The County is to recover costs on appeal.

_____
HULL, Acting P. J.

We concur:

_____
BUTZ, J.

_____
DUARTE, J.

7

Filed 12/17/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| COUNTY OF YOLO, | C087140 |
| Plaintiff and Appellant, | (Super. Ct. No. CV1849) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| AMERICAN SURETY COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Yolo County, Paul K. Richardson, J.  Reversed.

Philip J. Pogledich, County Counsel, Julie Barga and Eric May, Senior Deputies County Counsel, for Plaintiff and Appellant.

Law Office of John Rorabaugh, John Mark Rorabaugh and Crystal L. Rorabaugh for Defendant and Respondent.

1

THE COURT:

The opinion in the above-entitled matter filed on December 10, 2019, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:

_____,
HULL, Acting P. J.

_____
BUTZ, J.

_____
DUARTE, J.

2