[No. F008123. Fifth Dist., Apr. 29, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
AMERICAN BANKERS INSURANCE COMPANY, Defendant and
Appellant.

[No. F008118. Fifth Dist., Apr. 29, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
CLASSIFIED INSURANCE CORPORATION, Defendant and Appellant.

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendants and Appellants.

William E. Gnass, County Counsel, David R. Ortega and Allen R. Berrey, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

FRANSON, Acting P. J.—

### STATEMENT OF THE CASE AND FACTS

This proceeding concerns two municipal court cases which were consolidated for decision.

In *People* v. *Classified Insurance Corporation,* the municipal court declared bail forfeited in the underlying action when only the defendant's

counsel appeared for trial. After the giving of proper notices and the expiration of 180 days for exoneration of the forfeiture as required by law, summary judgment was entered against appellant, Classified Insurance Corporation, as the surety, in the amount of the bond.

In *People* v. *American Bankers Insurance Company,* the municipal court declared bail forfeited in the underlying action when defendant did not personally appear for a pretrial hearing. Again, after complying with appropriate notice and time procedures required by law, summary judgment was entered against appellant, American Bankers Insurance Company, as the surety, in the amount of the bond.

Each appellant moved to set aside the summary judgment and exonerate the bond. Both motions were denied. The court found in each case that the trial court had the discretion to forfeit bail in the absence of any showing of counsel's authority to proceed in the defendant's absence.

■ ■■■ Each appellant then appealed to the appellate department of the superior court.[1] That court affirmed the municipal court's denial of the motion to set aside the summary judgments.

The appellate department then certified both cases for transfer to this court to secure uniformity of decision and to settle the question of whether "it is the court's duty to make inquiry whether the defendant's attorney has been authorized to proceed in the absence of the defendant." This court ordered the proceedings transferred for hearing and decision.

As we shall explain, the trial court was under no duty to make inquiry concerning defense counsel's authority to proceed in the case. Rather, the burden was on the defendant through counsel to show that he had authorized counsel to proceed in his absence. The authority need not be in writing, however. An oral statement by counsel that he is appearing on the defendant's behalf and is ready to proceed with the hearing or trial will suffice absent proof that the attorney did not have authority to proceed on the defendant's behalf or that the court had specifically ordered the defendant to appear at the hearing. Because the record is silent as to what defense counsel may have stated to the court when the bail was forfeited, we must presume that the evidence supports the judgments. Accordingly, we shall affirm the judgments.

---

[1]A summary judgment against a surety is regarded as a "consent" judgment which is normally not appealable. However, where, as here, it is contended that the summary judgment was not entered in compliance with the consent given, the judgment is appealable. (*People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216 [119 Cal.Rptr. 917].)

DISCUSSION

*Whether the municipal court properly declared bail forfeited when defendants appeared in court through their attorneys.*

■ Penal Code section 977, subdivision (a)[2] provides, "[i]n all cases in which the accused is charged with a misdemeanor only, he may appear by counsel only." Thus, a defendant in a misdemeanor proceeding has a statutory right to be absent. (*Olney* v. *Municipal Court* (1982) 133 Cal.App.3d 455 [184 Cal.Rptr. 78].)

Section 1043, subdivision (e) pertains specifically to a misdemeanor defendant's right to be absent at trial. That section provides that the court shall proceed with the trial in the defendant's absence, unless good cause for a continuance exists, *if* the defendant has authorized his counsel to so proceed pursuant to section 977, subdivision (a). However, if the defendant has not authorized his counsel to proceed in his absence and fails to personally appear at trial, the court, in its discretion, may do one or more of the following: (1) continue the matter; (2) order bail forfeited or revoke release on the defendant's own recognizance; (3) issue a bench warrant; (4) proceed with the trial if the court finds the defendant has absented himself voluntarily with full knowledge that the trial is to be held or is being held. Further, the court has the right to order the defendant to be personally present at trial for purposes of identification unless counsel stipulate to the issue of identity.

In construing the statutory right of an accused to be absent from misdemeanor proceedings, case law has recognized that the right is *conditional*: a defendant who absents himself must do so with full knowledge of the pendency of the criminal proceedings, as the waiver of the right to be present must be a knowing and intelligent one. (*Olney* v. *Municipal Court, supra,* 133 Cal.App.3d 455, 460-461.) Further, the court must be certain that the acts of counsel are authorized by the defendant. (*People* v. *Kriss* (1979) 96 Cal.App.3d 913, 917 [158 Cal.Rptr. 420].) However, the court can rely upon the representation of counsel that the accused is knowingly absent from the proceedings. (*Olney* v. *Municipal Court, supra,* 133 Cal.App.3d 455, 461, fn. 5.) In the absence of a statutory requirement that the attorney's authority be evidenced by a writing, it is always presumed that an attorney appearing and acting for a party has authority to do so. (*Pacific Paving Co.* v. *Vizelich* (1903) 141 Cal. 4, 8 [74 P.352].) This confidence rests not only upon a belief in the honor and integrity of the attorney, but upon the fact that the attorney is a sworn officer of the court. (*Id.* at pp. 8-9.)

---

[2]All code section references are to the Penal Code unless otherwise noted.

■ Neither section 977, subdivision (a) nor section 1043, subdivision (e) requires the attorney's authorization to be in writing.[3] Thus, without a strong factual showing to the contrary (see *Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1, 13 [118 Cal.Rptr. 21, 529 P.2d 53]), the attorney's representation that he or she is authorized to proceed in the defendant's absence is sufficient.

The appellate department of the superior court concluded that the attorney has the burden of furnishing evidence of his or her authority to proceed in the defendant's absence. This conclusion was based on Code of Civil Procedure section 283 which states that an attorney has authority "[t]o bind his client in any of the steps of an action or proceeding by his agreement filed with the Clerk, or entered upon the minutes of the Court, and not otherwise; . . ." However, this section refers to the attorney's authority to enter into stipulations in civil cases and is inapplicable to an attorney's authority to proceed with a trial or a hearing in a misdemeanor defendant's absence.

■ Thus, if an attorney appears on behalf of the defendant at a misdemeanor trial and represents that he or she is authorized to proceed in the defendant's absence, the court does not have the authority to declare a forfeiture of bail under section 1043, subdivision (e) unless either there is a factual showing that the attorney does not in fact have authority to proceed or the court has specifically ordered the defendant to personally appear. In short, the attorney has no obligation to prove his authority to represent his client beyond his oral statement to the court that he is appearing for his client and is ready to proceed absent a showing of one of the factors above mentioned.

For a required appearance in a misdemeanor proceeding other than trial, section 1305 governs the propriety of declaring a forfeiture of bail. That section provides that the bail must be declared forfeited if, "without sufficient excuse," the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his or her presence in court is lawfully required. Since the defendant may appear through counsel under section 977, subdivision (a), he or she will have sufficient excuse for not appearing so long as counsel appears and is authorized to proceed in the defendant's absence. However, the particular facts and circumstances underlying the case could justify ordering the defendant to personally appear at certain stages of the proceeding. (See *Olney* v. *Municipal Court, supra,* 133 Cal.App.3d 455, 461.) Again, absent a factual showing to the contrary, the

---

[3]A court would not be precluded, however, from adopting a local rule requiring the attorney's authorization to be in writing under Government Code section 68070. Such a rule would constitute an exercise of the court's power to make rules of procedure and would not be inconsistent with the law. (See *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 504 [120 Cal.Rptr. 176].)

attorney's representation that he or she is authorized to proceed in the defendant's absence precludes a declaration of forfeiture unless the court specifically has ordered the defendant to personally appear.

■ Having stated the general principles, we turn to the cases before us. The records on appeal contain no facts about defense counsel's statements to the court concerning their authority to represent their clients at the hearings where bail was declared forfeited. (No court reporter was present; the records contain only minute orders of each hearing.) Unless the minute order reflects some facts supporting defense counsel's authority to represent his or her client, such as representations by counsel to that effect, the appeal is subject to the conclusive presumption that the trial court received substantial evidence to support its action. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 268, 273, pp. 276-277, 283-284; cf. *People* v. *Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 29, fn. 3 [211 Cal.Rptr. 204].)

In *People* v. *Classified Insurance Corporation,* the minutes dated June 18, 1985, show only that defendant's counsel was present but that defendant failed to appear for trial, and bail was declared forfeited. Appellants and respondent do agree that the trial judge made no inquiry as to whether defendant's counsel was authorized to proceed in defendant's absence. However, the absence of any judicial inquiry does not preclude the possibility that other evidence regarding the attorney's lack of authority was presented. Further, it is possible the defendant had been ordered to personally appear. Since appellant is bound by the presumption that there was adequate evidentiary support for the trial court's finding absent record evidence to the contrary, the judgment must be affirmed.

In *People* v. *American Bankers Insurance Company,* the minutes dated June 13, 1985, show that defendant's counsel was present but that defendant failed to appear for a pretrial hearing, and bail was declared forfeited. Again, it is possible that either the trial judge determined the attorney was not in fact authorized to proceed or the defendant had been ordered to personally appear. Thus, in light of the presumption of evidentiary support for the trial court's finding, the judgment must be affirmed.[4]

---

[4]We recognize that when denying appellants' motions to set aside entry of summary judgments, the municipal court erroneously found in each case that the trial court had the discretion to forfeit bail in the absence of any showing of counsel's authority to proceed in the defendants' absence. This finding placed the burden on the attorney to prove his authority beyond his oral representation that he was appearing on behalf of his client and was ready to proceed, and, as discussed above, is an incorrect interpretation of the applicable statutes. Although this erroneous ruling was made by the municipal court, the proceedings involved a different judge and different parties than the proceedings where bail was actually declared forfeited. Thus, this incorrect reasoning does not affect the applicability of the presumption that the judge who declared the bond forfeiture received substantial evidence to support his action.

The appellants have the burden of making a record to be reviewed on appeal. Although appellants were not a party to or represented by counsel at the criminal proceeding where the bail bond was forfeited, appellants nonetheless had ample opportunity to prove defense counsel's authority to appear at the hearing and to proceed on behalf of the defendant. A simple declaration by the attorney or by his client setting forth the attorney's authority could have been filed with the municipal court either during the 180-day bail forfeiture exoneration period or at the hearing on the motion to reconsider the summary judgment. The right to file such a declaration and to make a record for appellate review would satisfy any procedural due process contention by appellants.

The judgments are affirmed.

Martin, J., and Ballantyne, J., concurred.

A petition for a rehearing was denied May 20, 1987, and appellants' petition for review by the Supreme Court was denied July 22, 1987.