[No. H037366. Sixth Dist. Dec. 28, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
INTERNATIONAL FIDELITY INSURANCE COMPANY, Defendant and
Appellant.

## COUNSEL

Brad Petersen for Defendant and Appellant.

Miguel Márquez, County Counsel, and Harrison D. Taylor, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**ELIA, J.**—Appellant International Fidelity Insurance Company, through its San Jose agent, issued bail bonds upon two misdemeanor arrests, first of Saul Contreras and later of his alias, Javier Escobar. In separate proceedings the trial court learned that defense counsel had lost contact with the defendant, and on each occasion it ordered the bond forfeited. Appellant contends that these orders were improper because the attorney was authorized to appear on Contreras's behalf at each pretrial hearing. We agree and therefore must reverse the order denying appellant's motion to vacate forfeiture of the bonds.

### Background

On March 18, 2010, the People filed a misdemeanor complaint accusing Saul Contreras of driving under the influence of alcohol, in violation of Vehicle Code section 23152, subdivisions (a) and (b), with a blood-alcohol level of 0.15 percent. Three days earlier when Contreras was arrested, appellant (through its bail agent, Amigo Bail Bonds) had posted an $11,000 bond for his appearance in court to answer the charges. Arraignment on the March 18 complaint took place on April 29, 2010. Contreras was not present, but attorney Michael Paez appeared for him with a not guilty plea. Pretrial conferences took place on May 25 and June 22, 2010; each time Paez appeared for Contreras in the defendant's absence. At the June 22 hearing counsel obtained a continuance to July 20, 2010, saying he needed Contreras to come to his office and sign some papers.

Meanwhile, on May 1, 2010, Contreras was arrested again, this time for driving with a suspended license as well as driving under the influence of alcohol and with a blood-alcohol level of more than 0.08 percent (again 0.15

percent or more). Professing that identity resulted in an additional charge of giving a false name to a peace officer (Pen. Code, § 148.9) in the People's ensuing complaint, filed against Contreras on May 25, 2010. Arraignment on the new charges took place on June 15, 2010, and a pretrial conference on June 29, both with Contreras absent and Paez appearing for him. At the June 29 proceeding Paez advised the court that he was "in the process of reconnecting with Mr. Contreras," and he asked for a continuance of four weeks. The court granted that request and set the matter for a further pretrial conference on July 29, 2010.

At the beginning of the July 20 pretrial conference on the first complaint, Paez immediately informed the court (referring to the defendant as "Mr. Escobar") that he was appearing on the defendant's behalf. Paez added, "Judge, Mr. Escobar's wife contacted me about a month ago, indicating Mr. Escobar was no longer in the country and is unable to return. If that changes, I will inform the Court and put him on calendar. But at this point, I've lost contact with him." The prosecutor then requested issuance of a bench warrant. The court commissioner issued the warrant and ordered the bail bond forfeited. A notice of bail forfeiture was filed the next day, July 21, 2010, with the forfeiture to become final on January 22, 2011.

The July 29 pretrial conference on the second complaint ended the same way. At the outset, Paez represented to the court that he was appearing on Contreras's behalf. He then explained, "Judge, we put this over for me to attempt to contact Mr. Contreras. He had another matter pending as well in a different department. I've lost contact with him. The last I heard, his wife was trying to get him back in the country. It's been a couple months now." At the court's inquiry counsel confirmed his "understanding" that Contreras had been in Mexico "since some time in June." The following colloquy then took place: "THE COURT: What would you like to do? [¶] MR. PAEZ: Well, Judge, it's up to the Court. At this point, I've lost contact with him and indicate that on the record. [¶] THE COURT: Shall I issue a $20,000 bench warrant, Mr. Morris [the prosecutor], or no bail warrant? [¶] MR. PAEZ: If you're going to issue a warrant, Judge, perhaps $20,000 was going to be appropriate." The court initially set that amount for the bench warrant, but when the prosecutor pointed out that bail was already $25,000, the court decided that $20,000 was insufficient. The court then issued the bench warrant for $40,000 and declared the $25,000 bail bond forfeited. The next day, July 30, 2010, the court filed the notice of bail forfeiture on this second complaint, noting January 31, 2011, as the date the forfeiture would become final.

On May 2, 2011, appellant filed motions to vacate the forfeitures and exonerate the two bonds. Appellant contended that Penal Code section 977

had authorized Paez to appear on Contreras's behalf, and no evidence indicated that such authority had been terminated by Contreras himself. Furthermore, the court had not ordered Contreras to be personally present on either July 20 or 29. Consequently, appellant argued, the court lacked authority to forfeit the bonds.

The People opposed the motions, arguing that it was Paez's loss of contact with Contreras that demonstrated the termination of Paez's authority to represent Contreras in the proceedings. Appellant replied that if Paez's loss of contact with Contreras deprived Paez of authority to continue representing his client, then forfeiture should have been declared at the June 22 and June 29 hearings, when Paez informed the court that he had lost contact with Contreras.[1]

The motions were heard together on June 13 and July 18, 2011. The trial court determined that Contreras had not been obligated to be present at any of the 2010 hearings until those of July 20 and 29. By that time, because Paez had lost contact with Contreras, Paez no longer was authorized to proceed on Contreras's behalf under Penal Code section 977. Responding to appellant's point regarding the loss of contact in June 2010, the court agreed with the People that Paez had not made it clear to the court at the June 22 and 29 hearings that he had lost contact with Contreras, so he retained that authority to represent him on those occasions. Consequently, the court had retained jurisdiction to order the bond forfeited in July 2010, when it learned that Paez had actually lost contact with his client. Accordingly, the court denied both motions to vacate forfeiture on July 18, 2011, and on July 26, 2011, it entered separate judgments for the People on the two bonds. On September 13, 2011, appellant filed its notice of appeal from the July 18 order.

---

[1] Failure to declare forfeiture when the circumstances call for it divests a court of jurisdiction to do so at a later hearing on the case. (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 49 [123 Cal.Rptr.3d 184]; compare *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1554–1555 [78 Cal.Rptr.2d 763] [failure to forfeit bail when defendant inexcusably failed to appear deprived court of jurisdiction to forfeit several days later] with *People v. National Automobile & Casualty Ins. Co.* (2004) 121 Cal.App.4th 1441, 1448 [18 Cal.Rptr.3d 357] [no loss of jurisdiction where presence at earlier hearings was not lawfully required].) The People portrayed the circumstances differently; at the June 22 hearing, Paez merely said that he needed the defendant to "be present," to go to his office to sign some papers. At the June 29 hearing Paez stated that he was "in the process of reconnecting with Mr. Contreras." He asked for a continuance "to have him either show up or [inaudible] that time." The prosecutor viewed these representations as inadequate to show that Paez had lost contact, thus terminating Paez's authorization, and therefore the court was not obligated to declare a forfeiture on those occasions.

*Discussion*

Appellant contends that forfeiture of the two bonds was improper because there was no legal requirement, whether by statute or by court order, that Contreras appear personally at the July 2010 hearings. Because there was no factual showing that Contreras had terminated Paez's authority to represent him, Penal Code section 977, subdivision (a), allowed Contreras to be absent from those proceedings.

The People observe that an order denying a motion to vacate a bail forfeiture is normally reviewed for abuse of discretion. (*People v. Wilcox* (1960) 53 Cal.2d 651, 656 [2 Cal.Rptr. 754, 349 P.2d 522]; *People v. United Bonding Ins. Co.* (1970) 12 Cal.App.3d 349, 353 [90 Cal.Rptr. 714].) On the other hand, to the extent that the evidence before the reviewing court is undisputed and the dispositive issue is one of statutory construction, we apply an independent review standard. (*People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 893 [74 Cal.Rptr.2d 316].) Under either standard, we believe error occurred.

■ "The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto. [Citation.] . . ." (*People v. Ranger Ins. Co., supra,* 66 Cal.App.4th at p. 1552.) Because the law disfavors forfeitures, the bail statutes must be construed strictly to avoid forfeiture, and the procedures set forth therein must be " 'precisely followed or the court loses jurisdiction and its actions are void.' " (*People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300 [38 Cal.Rptr.2d 167]; accord, *People v. Indiana Lumbermens Mutual Ins. Co., supra,* 194 Cal.App.4th at p. 51; *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].)

The bail statutes at issue in this case are Penal Code sections 977 and 1305.[2] Section 977 states, in pertinent part: "(a)(1) In all cases in which the accused is charged with a misdemeanor only, he or she may appear by counsel only, except as provided in paragraphs (2) and (3). [¶] . . . [¶] (3) If the accused is charged with a misdemeanor offense involving driving under the influence, in an appropriate case, the court may order a defendant to be present for arraignment, at the time of plea, or at sentencing. For purposes of this paragraph, a misdemeanor offense involving driving under the influence shall include a misdemeanor violation of any of the following: [¶] . . . [¶] (C) Section 23152 of the Vehicle Code."

■ It is clear from section 977 that a defendant charged with a misdemeanor may appear through counsel at pretrial proceedings, unless ordered to

---

[2] All further statutory references are to the Penal Code except as otherwise indicated.

be present at one of the specified proceedings. Even if the court in this case could have ordered Contreras to attend the pretrial conference pursuant to subdivision (a)(3) of the statute, it did not make any such order.

Section 1305 specifies the circumstances in which a trial court must declare a bail bond forfeited. It states: "(a) A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal."

The People do not specify which of the proceedings specified in section 1305, subdivision (a), is applicable here, but presumably they rely on subdivision (a)(4), on the assumption that Contreras's presence was "lawfully required" at the July hearings because Paez was no longer authorized to appear for him. We cannot agree with either the premise or the conclusion.

██ As the Fifth Appellate District explained in *People v. American Bankers Ins. Co.* (1987) 191 Cal.App.3d 742, 747–748 [236 Cal.Rptr. 501] (*American Bankers*), "bail must be declared forfeited [under section 1305] if, 'without sufficient excuse,' the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his or her presence in court is lawfully required. Since the defendant may appear through counsel under section 977, subdivision (a), he or she will have sufficient excuse for not appearing so long as counsel appears and is authorized to proceed in the defendant's absence." (*Id.* at p. 747.)

Moreover, "the court [may] rely upon the representation of counsel that the accused is knowingly absent from the proceedings. [Citation.] In the absence of a statutory requirement that the attorney's authority be evidenced by a writing, *it is always presumed* that an attorney appearing and acting for a party has authority to do so. [Citation.] This confidence rests not only upon a belief in the honor and integrity of the attorney, but upon the fact that the attorney is a sworn officer of the court. [Citation.] [¶] . . . *Thus, without a strong factual showing to the contrary [citation], the attorney's representation that he or she is authorized to proceed in the defendant's absence is sufficient.*" (*American Bankers, supra,* 191 Cal.App.3d at pp. 746–747, italics added.) Absent that "strong . . . showing," the attorney "has no obligation to prove his authority to represent his client beyond his oral statement to the court that he is appearing for his client and is ready to proceed . . . ." (*Id.* at p. 747.)

Appellant offers the concession that a court may, even without a factual showing that the defense attorney lacks authority to proceed, nonetheless declare a forfeiture if it has "specifically ordered the defendant to personally appear." (*American Bankers, supra*, 191 Cal.App.3d at p. 747.) Assuming that is correct even with respect to a misdemeanor pretrial hearing, we find nothing in the record indicating a specific order that Contreras appear personally for the conference on July 20 or the conference on July 29. At every hearing, including those of July 20 and July 29, Paez announced his appearance for Contreras, thereby implicitly representing that he was authorized to proceed in the defendant's absence. When the court invited him to withdraw, Paez declined the opportunity, instead agreeing to remain counsel of record. That he retained authority to represent Contreras is not contradicted by any evidence in the record, and Paez was in continual contact with Contreras's wife. Thus, the presumption that Paez had authority to continue "appearing and acting for" Contreras was not rebutted. (*American Bankers, supra*, 191 Cal.App.3d at p. 746.)

The People maintain that Contreras was required to attend the hearings on July 20 and 29 because Paez "most certainly did not represent to the court that he was authorized to proceed in his absence." On the contrary, they point out, Paez had volunteered that he had lost contact with Contreras. Consequently, the People infer, Paez was not authorized to proceed in Contreras's absence.

The People's position not only turns the operative presumption around but rests on illogical reasoning. Paez, having announced on each occasion that he was appearing on Contreras's behalf, was presumed to be authorized under section 977 absent a "strong factual showing" to the contrary. (*American Bankers, supra*, 191 Cal.App.3d at p. 747.) That showing was not met merely by Contreras's having escaped to Mexico and losing (or even avoiding) contact with his attorney. Contreras's wife, by communicating with Paez about Contreras's status,[3] apparently acted as a liaison between him and Paez, and nothing in Paez's explanations to the court indicated that he had lost Contreras's authorization to continue representing Contreras in court. Thus, we cannot join in the People's inference that because Paez did not affirmatively indicate his authority to proceed, his loss of contact alone means he had also lost his client's consent to represent him.

■ *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118 [258 Cal.Rptr. 130] does not instruct otherwise. In that case the defendant was charged with a *felony*; consequently there was no statutory authorization for his attorney to appear in his absence; on the contrary, subdivision (b) of

---

[3] Paez represented to the court at the July 29 hearing that Contreras's wife was "trying to get him back in the country."

section 977 compelled his personal attendance, unless he executed a written waiver of his presence, with leave of the court. The defendant had not signed such a waiver, and a rule of court required his presence at the readiness conference. Thus, the defendant was " 'lawfully required' " to be at the conference. (210 Cal.App.3d at p. 121.) Here, by contrast, subdivision (a) of section 977 permitted Contreras to be represented in the pretrial misdemeanor proceedings by his attorney, no showing was made that counsel was doing so without Contreras's authorization, and no specific court order commanded Contreras to be personally present at either of the July 2010 hearings. The bail forfeiture orders cannot stand.

## Disposition

The order denying appellant's motion is reversed. The trial court is directed to vacate the forfeiture of the bonds and exonerate them, and to vacate the July 26, 2011 judgments. Appellant is entitled to its costs on appeal.

Rushing, P. J., and Premo, J., concurred.