Filed 11/7/14  P. v. American Contractors Indemnity Co. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | G050070 |
|        v. | (Super. Ct. Nos. CIVRS1206370 & FWV1100893) |
| AMERICAN CONTRACTORS INDEMNITY COMPANY, | O P I N I O N |
|     Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Michael R. Libutti, Judge.  Reversed and remanded with directions.

E. Alan Nunez for Defendant and Appellant.

Jean-Rene Basle, County Counsel and John R. Tubbs II, Deputy County Counsel for Plaintiff and Respondent.

\*          \*          \*

This is a bail bond exoneration case.  On April 2, 2011, appellant American Contractors Indemnity Company (American Contractors) posted a bail bond for Jonathan Gomez Covarrubias.  Covarrubias failed to appear in court on June 6, 2011, so the bail was ordered forfeited.  (See Pen. Code, § 1305, subd. (a).[1])  The notice of forfeiture was mailed to the bail agent on June 7, 2011.  The bail agent then contacted an investigator to find Covarrubias.  Under section 1305, a bail bond company has a 185-day grace period to bring the defendant back to court before the company actually has to pay the bond.  (See § 1305, subd. (c); *People v. Seneca Ins. Co.* (2010) 189 Cal.App.4th 1075, 1079 (*Seneca*).)  However, the initial 185-day reprieve is subject to a one-time extension of 180 days under section 1305.4.  (See *Seneca, supra*, 189 Cal.App.4th at p. 1082.)  The applicable language from section 1305.4 on the timing of the extension is:  "The court, upon a hearing and a showing of good cause, may order the period extended to a time not exceeding 180 days from its order."  The bail company gets an extra five days because the notice of forfeiture is mailed to it.  (See Code Civ. Proc., § 1013.)[2]

In this case, American Contractors filed a motion for a 180-day extension under section 1305.4 on November 22, 2011, which was timely under the terms of the statute.  (See § 1305, subd. (j) ["A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period."].)  The bail agent asked for "an order extending the 180-day period on [the bail bond]" which the court had earlier "ordered forfeited."

---

[1]    All undesignated statutory references in this opinion are to the Penal Code.

[2]    Code of Civil Procedure section 1013 provides in pertinent part:  "(a) In case of service by mail . . . Service is complete at the time of the deposit, but any period of notice and *any* right or *duty* to *do any act or make any response within any period or on a date certain after service of the document served by mail . . . shall be extended five calendar days if either the place of mailing or the place of address is . . . within the State of California . . . .*"  (Italics added.)

The motion was heard December 21, 2011.  There was exceptionally good cause for the extension:  It turned out that Jonathan Gomez Covarrubias was really an innocent person whose identity had been stolen.  The man whom American Contractors had underwritten was in reality Juan Ramirez Lopez.  The trial court granted the motion.

As luck would have it, the real defendant – Lopez – was arrested on June 7, 2012 in San Bernardino County.  When he appeared in court on June 8, 2012, the court ordered American Contractor's bond exonerated.  But then San Bernardino County (the County) filed a motion to set aside the order of exoneration on the theory the 180-day period provided for in section 1305.4 had already lapsed by the time of Lopez's June 7, 2012 arrest.  The County's theory was that the 180-day extension began on December 9, 2011, because December 9 was exactly 185 days after the notice of bail forfeiture mailed on June 7, 2011.  The trial court agreed.  On August 14, 2012, it set aside the exoneration and entered summary judgment on the bail bond forfeiture.

The focal point of this appeal is the phrase in section 1305.4, "180 days from its order."[3]  American Contractors reasons that 180 days from the date the trial court made its order, which was on December 21, 2011, would have given it until June 19, 2012, to apprehend Lopez.  That is, his arrest on June 7 would have been well within the 180-day extension period.

The County says "from its order" doesn't mean "from the date of its order."  We cannot agree.  The plain text of section 1305.4 is that – and we choose our words

---

[3]     Section 1305.4 is a relatively short statute; it reads, in its entirety:  "Notwithstanding Section 1305, the surety insurer, the bail agent, the surety, or the depositor may file a motion, based upon good cause, for an order extending the 180-day period provided in that section.  The motion shall include a declaration or affidavit that states the reasons showing good cause to extend that period.  The court, upon a hearing and a showing of good cause, may order the period extended to a time not exceeding 180 days from its order.  A motion may be filed and calendared as provided in subdivision (j) of Section 1305.  In addition to any other notice required by law, the moving party shall give the prosecuting agency a written notice at least 10 court days before a hearing held pursuant to this section as a condition precedent to granting the motion."

carefully here – the extension the court gives runs from the date the order is made. That is the way our Supreme Court reads the statute, as the plain language suggests. As the high court said in *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658: "The trial court may also toll the appearance period under certain circumstances, or extend the period by no more than 180 days *from the date the trial court orders the extension*, provided that the surety files its motion before the original 185-day appearance period expires and demonstrates good cause for the extension. (§§ 1305, subds. (e), (i), 1305.4.)" (Italics added.)

While the County goes to great lengths to argue the Supreme Court's reading is mere dicta and should not be followed, the County cannot gainsay the fact that reading the words "from its order" most naturally means the date its order is made. In fact, no other reading of the statute makes sense. The County's idea that the extension provided for by section 1305.4 *necessarily* runs from the date the initial 185-day grace period expires simply contradicts the statute's plain, "from its order" language.

It also contradicts the portion of section 1305.4 that pegs hearings on requests for extensions under the statute to subdivision (j) of section 1305. Subdivision (j) of section 1305 plainly allows for the possibility of a hearing on a section 1305.4 extension request *beyond* the expiration of the initial 185-day grace period: The statute says the hearing on the section 1305.4 extension request "may" – not shall – be heard within "30 days of the expiration of the 180-day period," *but* that 30-day period may itself be extended for good cause.[4] That idea can't be reconciled with a reading of

---

[4] Here is the text of subdivision (j) of section 1305: "A motion filed in a timely manner within the 180-day period *may be heard within 30 days of the expiration of the 180-day period*. The court *may extend the 30-day period upon a showing of good cause*. The motion may be made by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney." (Italics added.)

section 1305.4 that puts a 180-day limit on the extension envisaged by section 1305.4 that *must* begin to run from the end of the initial 185-day grace period. The Legislature simply didn't write sections 1305.4 and 1305, subdivision (j) to say that. (See Code Civ. Proc., § 1858 [judges are not to rewrite statutes].)

The elementary rule of statutory construction is that statutes are construed to avoid forfeitures, not promote them. If there *were* any ambiguity in the statute, the canon against forfeiture would favor setting the point at which the extension granted by the court begins running at the furthest point out – the date of the order, as distinct from the date of the end of the initial 185-day grace period. (See *People v. International Fidelity Ins. Co.* (2012) 212 Cal.App.4th 1556, 1561 [the bail statutes must "be construed strictly to avoid forfeiture"].)

There is only one way to square the County's proposed result with the plain language of the statutes, but that way doesn't fit the facts before us. One would have to credit the idea that the trial court did not give a *180-day* extension "from its order," but rather gave a *167-day* extension "from its order" i.e., a six-month extension from December 9, the date the initial 185-day grace period expired. But that doesn't work. In open court, on the record, the trial judge said: "I'll go ahead and grant your request. Extend period *six months under Penal Code Section 1305.4*." (Italics added.) Six months is *not* 167 days. Moreover, the judge's phrase "under Penal Code Section 1305.4" is further indication of an intent to have the extension run from the date of the order. There is no language in section 1305.4 that requires the extension period to begin from the date the section 1305 grace-period ends; as we said, the most natural reading of section 1305.4 is that any order runs from the date the order is actually made.

The trial court got it right the first time.  Lopez's arrest on June 7, 2012, was within the "six month" extension which the trial judge granted on December 21, 2011.  The summary judgment is reversed, and the cause remanded with instructions to the trial court to enter an order of exoneration of the bond.  American Contractors will recover its costs on appeal.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.


6