Filed 3/6/15  P. v. American Contractors Indemnity Co. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>AMERICAN CONTRACTORS<br>INDEMNITY COMPANY,<br><br>　　Defendant and Appellant. | G050713<br><br>(Super. Ct. No. CIVMS1300022)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of San Bernardino County, Frank Gafkowski, Jr.  (Retired judge of the former L.A. Mun. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded with directions.

E. Alan Nunez for Defendant and Appellant.

Jean-Rene Basle, County Counsel and John R. Tubbs II, Deputy County Counsel for Plaintiff and Respondent.

This is a bail bond exoneration case. American Contractors Indemnity Company (ACIC) contends summary judgment on a bail bond forfeiture should be reversed and the bond exonerated for two reasons: (1) the criminal defendant Laneka Hawkins was not required by Penal Code section 1305, subdivision (a)[1] to appear on the date the court declared forfeiture; and (2) the court lost jurisdiction over the matter when it did not meet its statutory obligations and therefore the bond must be exonerated. We agree with both contentions. We reverse the order denying the motion to vacate the forfeiture order. On remand, we direct the trial court to vacate the forfeiture of the bond and vacate the summary judgment entered in favor of the County of San Bernardino (the County) and exonerate the bond.

I

On June 27, 2011, ACIC posted a bail bond to guarantee the appearance of Hawkins in a criminal case after her release. She was charged with battery against a cohabitant. (§ 243, subd. (e)(1).) The trial court ordered Hawkins to appear in court on August 22, 2011. Hawkins appeared as promised, and she was arraigned. The court continued the case to September 23, 2011, and ordered Hawkins to appear. On that day, defense counsel appeared on Hawkins's behalf pursuant to section 977 [misdemeanor defendant entitled to appear through counsel]. On defense counsel's motion, the pretrial hearing was continued to December 2, 2011.

At the December 2 hearing, defense counsel appeared without Hawkins. In the court's minute order, it was noted defense counsel stated there had been no contact with Hawkins. The court announced the bail bond was forfeited. On December 6 the court clerk timely mailed the notice of forfeiture.

Several months later, on June 22, 2012, the trial court granted ACIC's motion to extend the forfeiture period by 180 days. On December 5, 2012, ACIC filed a

---

[1] All further statutory references are to the Penal Code.

motion to vacate the forfeiture and exonerate the bail bond. The County filed a partial opposition to the motion; it conceded "that 'as a matter of law there was no valid basis for declaring forfeiture, i.e., [Hawkins] was not lawfully required to appear at the December 2, 2011 pre-trial hearing.'" However, it opposed ACIC's request to exonerate the bail bond.

On January 4, 2012, the court denied the motion to vacate the forfeiture and entered summary judgment on the forfeited bail bond. ACIC appeals this judgment. We found no further information in the record in this appeal concerning the status of Hawkins's criminal case.

## II

In this case, the facts are undisputed. Thus, only legal issues are involved. Accordingly, we will conduct an independent review. (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.) As will be explained in more detail below, the sole legal issue to be decided is whether a bail bond must be exonerated after the trial court's improper order forfeiting the bond is reversed on appeal.

In *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657-658 (*American Contractors*), the Supreme Court summarized the nature of bail bond proceedings. "While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature. [Citation.] 'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.' ( . . . See *Stack v. Boyle* (1951) 342 U.S. 1, 5 . . . ['Like the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused'].) 'In matters of this kind there should be no element of revenue to the state nor punishment of the surety.' [Citation.] Nevertheless, the 'bail bond is a contract between the surety and the government whereby the surety

3

acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond.' [Citation.] Thus, when there is a breach of this contract, the bond should be enforced. [Citation.]"

The relevant statutory scheme is as follows: "When a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond. (§ 1305, subd. (a).) The 185 days after the date the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties is known as the appearance period. (§ 1305, subd. (b).) During this time, the surety on the bond is entitled to move to have the forfeiture vacated and the bond exonerated on certain grounds, such as an appearance in court by the accused. (§ 1305, subd. (c)(1).) The trial court may also toll the appearance period under certain circumstances, or extend the period by no more than 180 days from the date the trial court orders the extension, provided that the surety files its motion before the original 185-day appearance period expires and demonstrates good cause for the extension. (§§ 1305, subds. (e), (i), 1305.4.) [¶] After the appearance period expires, the trial court has 90 days to enter summary judgment on the bond. (§ 1306, subds. (a), (c).) If summary judgment is not entered within the statutory 90-day period, the bond is exonerated. (§ 1306, subd. (c).)" (*American Contractors, supra,* 33 Cal.4th at p. 658, fns. omitted.)

We find instructive *People v. International Fidelity Insurance Co.* (2012) 212 Cal.App.4th 1556, 1558 (*International Fidelity*). In that case International Fidelity Insurance Company (the surety) "issued bail bonds upon two misdemeanor arrests, first of Saul Contreras and later of his alias, Javier Escobar. In separate proceedings the trial court learned that defense counsel had lost contact with the defendant, and on each occasion it ordered the bond forfeited." (*Id.* at p. 1558.) The surety moved to vacate the forfeiture on the ground Contreras's presence had not been "lawfully required" under section 1305 because section 977 permits counsel to appear on behalf of a defendant

4

charged with a misdemeanor. (*International Fidelity, supra,* 212 Cal.App.4th at pp. 1559-1560.) Alternatively, the surety maintained the bail bond should have been forfeited the first time defendant failed to appear and the trial court lost jurisdiction to do so thereafter. (*Id.* at p. 1560.)

The appellate court concluded that because counsel had appeared on his client's behalf as permitted by section 977, defendant had not been lawfully required to appear at the pretrial conferences under section 1305 and, therefore, the trial court had no authority to order the bail bond forfeited. (*International Fidelity, supra,* 212 Cal.App.4th at p. 1562.) It reasoned, "'The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto. [Citation.] . . .' [Citation.] Because the law disfavors forfeitures, the bail statutes must be construed strictly to avoid forfeiture, and the procedures set forth therein must be "'precisely followed or the court *loses jurisdiction and its actions are void.*'" [Citations.]" (*Id.* at p. 1561, italics added.)

The court concluded, "[S]ubdivision (a) of section 977 permitted Contreras to be represented in the pretrial misdemeanor proceedings by his attorney, no showing was made that counsel was doing so without Contreras's authorization, and no specific court order commanded Contreras to be personally present at either of the . . . hearings. The bail forfeiture orders cannot stand." (*International Fidelity, supra,* 212 Cal.App.4th at p. 1564.) In its disposition, the court in *International Fidelity* stated, "The order denying appellant's motion is reversed. The trial court is directed to *vacate the forfeiture of the bonds and exonerate them*, and to vacate the . . . judgments [entered for the county on the two bonds]. Appellant is entitled to its costs on appeal." (*Id.* at p. 1564, italics added.) Simply stated, the court held the improper forfeiture orders were void and it directed exoneration of the bonds.

The case before us is remarkably similar to *International Fidelity*. The trial court lacked jurisdiction to forfeit the bail bond based on Hawkins's failure to appear at

the December 2, 2011, pre-trial hearing. A court can order forfeiture of a bail bond only when defendant fails to appear for arraignment, trial, judgment, execution of judgment, "or when his presence is otherwise lawfully required." (§ 1305.) Hawkins's presence was not lawfully required at the pre-trial hearing because there was no specific court order commanding her presence and section 997 authorized counsel to appear on her behalf. The bail bond forfeiture order cannot stand. (*International Fidelity, supra,* 212 Cal.App.4th at p. 1562.) On appeal, the parties agree with this conclusion and maintain this court should reverse the order denying the motion to vacate the forfeiture order, direct the trial court to vacate the forfeiture of the bond, and vacate the summary judgment entered in favor of the County.

A.  *What About the Remedy of Exoneration?*

What we must decide in this appeal is whether the bond must be exonerated, as was the case in *International Fidelity*, or whether the trial court retained jurisdiction over the bail bond and it is automatically reinstated (as urged by the County). The County recognizes exoneration was the remedy stated in the dispositions of *International Fidelity, supra,* 212 Cal.App.4th at page 1562 and *People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, 347 (*Classified*) [trial court directed to vacate forfeiture and exonerate bail bond because defendant's presence at section 995 hearing was not "lawfully required" and court's forfeiture order a "nullity"]. The County asserts that although exoneration was listed in the dispositions of these opinions, the remedy was not discussed or analyzed in either case. It invites this court to analyze the issue in more depth. The County maintains the issue should turn on whether we deem the trial court's order void or voidable. It bases this argument on its reading of the Supreme Court's decision in *American Contractors, supra,* 33 Cal.4th 653, as holding a voidable order will not result in a fundamental loss of jurisdiction requiring exoneration of the bail bond. It also cites to *People v. National Automobile & Casualty Ins. Co.* (2004) 121 Cal.App.4th 1441 (*National*), as supporting its argument the court retained jurisdiction despite

6

violating the statute and the bond must be reinstated.  As we will explain, the County's reliance on both of these cases is misplaced.

*i. The Supreme Court's American Contractors Opinion*

In *American Contractors, supra,* 33 Cal.4th 653, defendant failed to appear and the trial court ordered the bail bond forfeited.  Section 1306 expressly gives the surety an "appearance" period of 180 days (plus five days for mailing) to bring the accused to court or demonstrate there are other circumstances requiring the court to vacate the forfeiture.  If the forfeiture is not vacated within the appearance period, the court is required to enter summary judgment against the surety within 90 days.  (§ 1306, subd. (a).)  The trial court in *American Contractors,* entered summary judgment prematurely on the 185th day rather than the 186th day after the notice of forfeiture.  (*American Contractors, supra,* 33 Cal.4th at p. 659.)  The surety did not appeal the judgment.  Several months later, the surety filed a motion to set aside the summary judgment, discharge the forfeiture, and exonerate the bail bond arguing the summary judgment was void.  (*Ibid.*)  The trial court denied the motion and the court of appeal affirmed this ruling, concluding that because the summary judgment was merely voidable, not void, the ruling could not be collaterally attacked.  (*Id.* at p. 660.)

Our Supreme Court agreed, holding, "[T]he premature summary judgment entered here was voidable, and not void.  Thus, while it was subject to correction by appeal or a timely motion to vacate the judgment, there is no basis under the circumstances of this case to set it aside by collateral attack once it was final.  In particular, here we need not rely on estoppel principles, but simply on the rule that collateral attack on a voidable but final judgment is not available absent unusual circumstances, not present here, that precluded earlier challenge of the judgment.  We therefore affirm the judgment of the Court of Appeal." (*American Contractors, supra*, 33 Cal.4th at p. 657.)

Nowhere in the opinion did the court hold the remedy of exoneration is dependent on the determination of whether a court's order is deemed void or voidable. Indeed, because the court refused to review the forfeiture order challenged by a collateral attack, there was no reason for it to consider the available remedies. The court's holding was limited to whether ACIC waited too long to challenge the judgment.

We recognize the Supreme Court made a limited reference to the statutory provisions mandating exoneration and that perhaps this is what the County found enlightening. (*American Contractors, supra*, 33 Cal.4th at p. 661.) However, we conclude the court's discussion of these statutory mandates is inapplicable to the case before us. In *American Contractors,* the court simply distinguished statutory provisions mandating exoneration from other procedural rules found in sections 1305 and 1306. (*Ibid.*) It held technical violations of the latter type of procedural rules are not subject to collateral attack. (*Ibid.*)

Specifically, the court defined the two possible types of jurisdictional errors as follows: "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' [Citation.] [¶] However, 'in its ordinary usage the phrase "lack of jurisdiction" is not limited to these fundamental situations.' [Citation.] It may also "be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' [Citation.] . . . When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. [Citations.]" (*American Contractors, supra*, 33 Cal.4th at pp. 660-661.)

Next, the court in *American Contractors* reviewed the language of sections 1305 and 1306 and noted there were circumstances mentioned in the statute releasing the surety of all obligations or exonerating the bond, such as when after the court or clerk

8

fails to perform in a specific manner. (*American Contractors, supra*, 33 Cal.4th at p. 661.) It determined there was no similar statutory provision relating to circumstance of a premature summary judgment ruling. "That the court may have failed to follow the procedural requirements to enter judgment properly did not affect the court's statutory control and jurisdiction over the bond. Indeed, ACIC concedes the court had subject matter jurisdiction at the time it prematurely entered summary judgment." (*Id.* at p. 662.) Thus, the court's holding is limited to the issue of whether a voidable error is subject to collateral attack. Our Supreme Court did not decide fundamental jurisdictional errors (void orders) require exoneration but non-fundamental jurisdictional errors (voidable orders) do not.

### ii. The National Case

The County asserts *National, supra,* 121 Cal.App.4th 1441, held a "bond should not be exonerated following a void order of forfeiture for defendant failing to appear at a hearing he was not lawfully required to attend." Contrary to the County's contention, the case is not at all analogous to ours.

In *National,* the felony defendant was ordered to appear at a hearing on his section 995 motion. (*National, supra,* 121 Cal.App.4th at p. 1444.) Three days before the hearing, the trial court granted the district attorney's request for a continuance but believed the original hearing date should be preserved to avoid losing jurisdiction. (*Ibid.*) The court stated it understood defendant would not be appearing on the original hearing date and it planned to order forfeiture of the bond but hold the warrant. (*Ibid.*) At the original hearing date, neither party appeared and the court ordered the bond forfeited, however, the court clerk did not send notice of the forfeiture. At the continued hearing date, the court recalled the warrant and set aside the forfeiture. (*Id.* at p. 1445.) Defendant subsequently made all appearances, until sentencing. When he failed to appear, the trial court ordered the bail bond forfeited and issued a warrant. This time the clerk timely sent the notice of forfeiture. (*Id.* at p. 1446.)

On appeal from the denial of the surety's motion to vacate the forfeiture, the surety argued the bail bond had been exonerated long ago when the trial court failed to give proper notice of the first forfeiture order. (*National, supra,* 121 Cal.App.4th at pp. 1448-1449.) Under the plain terms of the statute, failure to give proper notice mandates exoneration. (§ 1305, subd. (b).) The appellate court disagreed "for the simple reason" defendant's appearance on that hearing date was not "'lawfully required' under section 1305." (*National, supra,* 121 Cal.App.4th at p. 1449.) It concluded the trial court had been operating under the mistaken belief section 977 made defendant's presence lawfully required on the hearing date originally set. Moreover, it determined that because defendant had a sufficient excuse for failing to appear, the bail bond did not need to be forfeited on that date. (*National, supra,* 121 Cal.App.4th at pp. 1449-1450.) "Because the defendant's appearance on that date was not required, any order forfeiting bail was void, and there was consequently no actual forfeiture or necessity for providing the surety with section 1305, subdivision (b) notice." (*Id.* at p. 1451.)

The *National* case holds exoneration was not required because there was no actual forfeiture or need for forfeiture. Because defendant was not required to appear at the continued hearing, the trial court was not statutorily required to order forfeiture or follow the rules regarding sending notice of forfeiture. There was no merit to the surety's argument the bond should have been be exonerated at the beginning of the case after the court failed to give notice. It would have been erroneous for the court to have sent notice of a void order of forfeiture. (See *International Fidelity, supra,* 212 Cal.App.4th at p. 1562.) The *National* court explained that because defendant's appearance was *not required* and notice was *not given,* the court retained jurisdiction over the bail bond. Contrary to the County's contention, the *National* case does not support the theory a trial court retains jurisdiction after being reversed on appeal for both *entering and giving notice* of a void forfeiture order.

*iii. The Statutory Scheme*

To answer the question of whether exoneration is appropriate in the case before us, we look to the plain language provided in the statutory scheme. "'When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent.' [Citation.] 'Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .' [Citation.]" (*People v. Accredited Surety & Casualty Co.* (2004) 132 Cal.App.4th 1134, 1143.)

Several provisions of the statutory scheme expressly provide for exoneration of bail bonds in the event there is less than precise compliance with the statutory mandates resulting in void orders. (*People v. National Auto. & Casualty Ins. Co.* (2002) 98 Cal.App.4th 277, 288 (*National Auto*).) For example, section 1305, subdivision (b), mandates the court clerk to mail a notice of forfeiture to certain entities and provides several deadlines. The statute specifies if the court fails to mail notice to the correct entities within the time frames specified "the surety or depositor shall be released of all obligations under the bond . . . ." (*National Auto, supra,* 98 Cal.App.4th at p. 288*; s*ee, e.g., *People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799 [notice of forfeiture not mailed within statutory 30 days after forfeiture]; *People v. American Contractors Indemnity Co.* (1999) 76 Cal.App.4th 1408 [Legislature amended § 980, subd. (b), to provide for exoneration of bond if clerk's failure to enter bench warrant into system prevented fugitive from being arrested or taken into custody]; *People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379 [notice of forfeiture mailed to wrong bail bondsman did not require exoneration of bond because correct bail bondsman received actual notice within required statutory 30-day period].)

Another example is found in section 1306, which provides that after a bond is forfeited, the court may enter summary judgment against the each bondsman named in the bond within a certain time frame. Subdivision (c) of section 1306 provides, "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and *the bail is exonerated.*" (Italics added; see *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 301 [where last day to enter summary judgment was August 10, summary judgment entered September 27 was in excess of jurisdiction requiring exoneration of bond].)

ACIC cites to cases, and we found others, holding that a technical violation of other provisions of the statutory scheme also warrants exoneration, even in the absence of express language directing exoneration of the bail bond for these violations. (See e.g., *National Auto, supra,* 98 Cal.App.4th 277.) A trial court having subject matter jurisdiction may act in excess of its jurisdiction when it fails to follow procedural requirements. Although such actions are voidable, rather than void, there are several cases holding exoneration is the appropriate remedy. (*Id.* at pp. 287-288.) Thus, contrary to the County's contention on appeal, exoneration can be the remedy for both void and voidable orders.

For example, in *National Auto, supra,* 98 Cal.App.4th at page 282, the trial court failed to make an on-the-record pronouncement of a bail bond forfeiture as required by statute and the appellate court ordered the forfeiture vacated and bond exonerated. Section 1305 provides, "A court shall in open court declare" a bond forfeited if defendant fails to appear without sufficient excuse. The provision does not contain express language directing exoneration for the court's failure to expressly make a declaration in open court. Nevertheless, the court determined this procedural error was jurisdictional and warranted exoneration of the bail bond. (*National Auto, supra*, 98 Cal.App.4th at p. 283.)

12

In the *National Auto* case the county argued the bond should not be exonerated because the court "substantially complied with the statutory requirement by clarifying its intended ruling in its minute order for the day." (*National Auto, supra*, 98 Cal.App.4th at p. 282.)  The appellate court rejected this argument.  It reasoned, "Prior to its amendment in 1998, . . . section 1305, subdivision (a)[,] required a declaration of bail forfeiture but did not specify any particular method for doing so. . . . [¶]  In 1998 the Legislature amended this section to clarify the procedure for declaring a forfeiture by expressly requiring a court to declare a bail forfeiture in open court.  Section 1305, subdivision (a) now provides 'A court *shall in open court declare forfeited* the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear for [a scheduled court appearance].'" (*Id.* at pp. 282-283, fn. omitted.)

The court explained, "The plain language of the amended statute indicates in order for bail to be forfeited a trial court must (1) make a declaration of forfeiture stating 'bail is forfeited' (2) on the record while court is in session.  The Legislature's use of the word 'shall' signifies this dual requirement is mandatory.  [¶]  Legislative history of the amendment makes clear any other conclusion would frustrate the Legislature's purpose in imposing the 'open court' requirement of providing sureties and their agents prompt notice of a defendant's nonappearance so they can take immediate steps to apprehend the fugitive." (*National Auto, supra*, 98 Cal.App.4th at p. 283, fn. omitted.)

Unlike the opinions in *International Fidelity, supra,* 212 Cal.App.4th at page 1562, and *Classified, supra,* 164 Cal.App.3d 341, the *National Auto* court discussed at length whether exoneration should be the remedy, as a matter of law, for a trial court's failure to declare the bail bond forfeited in open court as required by the statute. (*National Auto, supra*, 98 Cal.App.4th at pp. 287-291.)  The court reasoned, "In reviewing the applicable bail statute we are mindful of the general rules governing the interpretation of bail bond statutes:  ""The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. . . .  Thus, . . . sections 1305 and 1306 dealing with

13

forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.' [¶] The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond." . . . Sections 1305 and 1306 are said to be "jurisdictional prescriptions." . . . "Failure to follow the jurisdictional prescriptions in sections 1305 and 1306 renders a summary judgment on the bail bond void. . . .""" (*Id.* at pp. 287-288, fn. omitted.)

The court rejected the county's argument "the statutory requirement of declaring bail forfeited in open court [was] not jurisdictional because in amending section 1305, subdivision (a) the Legislature did not expressly state failure to declare forfeiture in open court resulted in exoneration of the bail." (*National Auto, supra*, 98 Cal.App.4th at pp. 287-288.) After discussing the statutory provisions that expressly mandate exoneration (as we discussed earlier in this opinion) the *National Auto* court focused on several cases holding "technical violations of other provisions of the bail statutes [were also] jurisdiction-defeating errors even in the absence of express language directing exoneration of bail for these violations." (*National Auto, supra*, 98 Cal.App.4th at p. 288, fn. omitted.)

In support of this ruling, the *National Auto* court cited *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898 (*United Bonding*) as "[a]n example of this latter type of technical violation" and found it to be "closely analogous to the type of omission which occurred in" the case before it. (*National Auto, supra*, 98 Cal.App.4th at p. 288.) It noted that in addition to requiring an on-the-record pronouncement, section 1305, subdivision (a), states there can be forfeiture only in the event defendant fails to appear for a scheduled court appearance "without sufficient excuse." The *National Auto* court noted, "The statute has no provision specifying bail is exonerated in the event the trial court fails to articulate a 'sufficient excuse' on the record when declining or neglecting to declare a forfeiture due to the defendant's nonappearance. Nevertheless, case law holds

14

the requirement of stating reasons on the record in this circumstance is jurisdictional and the court loses jurisdiction to later declare a forfeiture in the event of a defendant's subsequent nonappearance." (*National Auto, supra*, 98 Cal.App.4th at p. 288, citing *United Bonding, supra,* 5 Cal.3d at pp. 906-907.) "[A] court's failure to declare a forfeiture upon a nonappearance without sufficient excuse, either where no excuse is offered or where the finding of an excuse constitutes an abuse of discretion, deprives the court of jurisdiction to later declare a forfeiture." (*United Bonding, supra,* 5 Cal.3d at p. 907.)

The *National Auto* court also found *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889 (*Frontier*), instructive. "In that case, 'sufficient excuse' for the defendant's nonappearance was apparently discussed in chambers. However, the trial court failed to articulate its findings of sufficient excuse on the record. Nothing in either the reporter's transcript or the minutes supplied any evidence of sufficient excuse for the defendant's failure to appear. The appellate court found the court's failure to make a record deprived the court of jurisdiction to declare a forfeiture at a later date, despite its probable initial finding of sufficient excuse." (*National Auto, supra*, 98 Cal.App.4th at pp. 289-290.)

The *National Auto* court concluded, "The reasoning of these decisions finding technical violations of section 1305 jurisdiction defeating error is equally applicable here. Similar to the situation in *Frontier*, the facts before the trial court in this case justified a declaration of forfeiture. However, as in *Frontier,* the trial court neglected to state its intention on the record, which deprived the court of jurisdiction to later declare a forfeiture. Also, similar to the situation in *United Bonding*, the intended action of the trial court was invalid because it failed to make the necessary findings on the record. The failure to make the required findings on the record in those cases is indistinguishable from the court's failure in the present case to declare the bail forfeited 'in open court' as compelled by the statutory language. Accordingly, the result should be

15

the same as well.  As directed by our Supreme Court "'where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction. . . .'" (*National Auto, supra*, 98 Cal.App.4th at p. 290, fn. omitted.)

We find this reasoning persuasive and applicable here.  Section 1305, subdivision (a), not only requires an on-the-record statement and findings of sufficient excuse.  It also expressly limits the court's authority to enter forfeiture to five specific reasons, i.e., failure to appear at arraignment, trial, etc.  (*Ibid.*)  In the case before us, the trial court declared forfeiture in open court for reasons not permitted by the statute.  It matters not whether this was a fundamental or non-fundamental jurisdictional error.  The court's failure to follow the procedures was clearly an act in excess of its jurisdiction, depriving the court of jurisdiction to later declare a forfeiture.  Accordingly, in addition to reversing the court's order, we remand with directions to exonerate the bond.

### III

We reverse the order denying the motion to vacate the forfeiture order.  On remand, we direct the trial court to vacate the forfeiture of the bond, vacate the summary judgment entered in favor of the County and exonerate the bond.  Appellant is entitled to its costs on appeal.

O'LEARY, P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

16