Filed 1/23/25  P. v. Bowen CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>BLAKE LOUIS BOWEN,<br><br>     Defendant and Appellant. | B333451<br><br>(Los Angeles County<br>Super. Ct. No. BA475606) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Reversed and remanded with directions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

## INTRODUCTION

Blake Louis Bowen was convicted and sentenced to the upper term of three years for stalking. We previously remanded for resentencing due to a change in the law that prohibits the imposition of an upper term sentence unless the facts underlying any aggravating circumstances justifying the upper term (other than a prior conviction) "have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Pen. Code, § 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.)[1] At his resentencing hearing, Bowen was sentenced to the middle term of two years. In this appeal, Bowen contends the trial court prejudicially erred when it conducted the resentencing hearing in his absence. We reverse and remand with directions.

## PROCEDURAL BACKGROUND

In 2020, a jury found Bowen guilty of one count of stalking in violation of section 646.9.[2] While awaiting sentencing, Bowen requested new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). He presented the trial court with an eight-page list of issues he had with his current counsel. The court denied his motion. Bowen renewed his *Marsden* motion and requested a continuance to compile his case to replace

---

[1]    All statutory references are to the Penal Code.

[2]    The facts of Bowen's conviction do not affect the issues before us and may be found in our prior opinion, *People v. Bowen* (Feb. 15, 2023, B306889) [nonpub. opn.].

counsel.  The court granted the continuance.  (*People v. Bowen, supra,* B306889, at p. 7.)

In their sentencing memorandum, the People requested the court impose a three-year upper term suspended sentence and place Bowen on five years of felony probation.  At the July 2020 sentencing hearing, the People urged the court to sentence Bowen that day and then grant his release into probation.  By this time, Bowen had been in custody for over a year.  (*People v. Bowen, supra,* B306889, at p. 7.)  On the day of sentencing, Bowen confirmed he wanted another *Marsden* hearing.  When the court indicated it would again deny his request for new counsel, Bowen disrupted the proceedings with profanity, and the court had Bowen removed from the courtroom.  Outside of Bowen's presence, but with Bowen's counsel present, the trial court sentenced Bowen to the upper term of three years in state prison. (*Id.* at p. 20.)

On direct appeal, Bowen argued, among other things, that the trial court erred when it failed to decide his *Marsden* motion before sentencing.  This Court affirmed the conviction but remanded the matter to the trial court with directions to resentence Bowen pursuant to newly amended section 1170, subdivision (b)(2), and any other newly enacted ameliorative legislation.  As to Bowen's *Marsden* argument, we determined the issue was moot because Bowen would be resentenced.  We nevertheless directed in our disposition, "The cause is remanded with instructions to hold a *Marsden* hearing if Bowen is represented by [his previous public defender] on remand (or upon any appropriate motion made as to any other counsel)." (*People v. Bowen, supra,* B306889, at p. 40.)

3

On August 3, 2023, the trial court held a hearing at which it resentenced Bowen. Bowen was not present but had retained a private attorney for the resentencing, who stated he was "appearing 977."[3] The court did not discuss Bowen's waiver of his right to be present at resentencing or make any findings on the record relating to it. Instead, the court asked Bowen's attorney and the prosecutor whether they intended to submit papers setting out their positions. Bowen's attorney stated this was only his third appearance in the case, and he had just finished reviewing the trial record.[4] He requested a continuance to prepare his brief and to attempt a resolution with the prosecutor. The trial court stated, due to the change in the law, "the most I can do is midterm. . . . And that's all that's necessary, at least based on the remittitur." It indicated its tentative ruling was to resentence Bowen to two years in state prison. The prosecutor submitted on the court's tentative. Defense counsel did not, indicating he had never heard of submitting on a tentative. The trial court stated its ruling was to resentence Bowen to the midterm of two years. When defense counsel attempted to "inquire of the court," the court denied the request responding, "No. We're done."

Bowen timely appealed, and we appointed appellate counsel.

---

[3]     Section 977 sets out the procedure by which a defendant may waive his presence at criminal proceedings against him.

[4]     The record before us does not reflect what occurred at the prior two appearances by Bowen's retained counsel.

4

## DISCUSSION

A.    *Governing Law and Standard of Review*

A defendant's right to be present at every critical stage of a criminal proceeding, including at the time of sentencing, is guaranteed by the federal Constitution under the Confrontation Clause of the Sixth Amendment and the Due Process clauses of the Fifth and Fourteenth Amendments, as well as article I, section 15 of the California Constitution.  (See *People v. Mendoza* (2016) 62 Cal.4th 856, 898 (*Mendoza*); *People v. Davis* (2005) 36 Cal.4th 510, 531 (*Davis*).)  Like other constitutional rights, a defendant's right to be present may be waived, but it must be a voluntary, knowing, and intelligent waiver.  (See *Mendoza,* at pp. 898-899; *Davis,* at p. 531.)  "At a minimum, there must be some evidence that defendant understood the right he was waiving and the consequences of doing so."  (*Davis,* at p. 532.)

California statutory law also secures a defendant's right to be present during critical stages of a criminal proceeding, including sentencing and resentencing.  (See *Mendoza, supra,* 62 Cal.4th at p. 898; *People v. Basler* (2022) 80 Cal.App.5th 46, 57 (*Basler*) ["Critical stages of a defendant's criminal prosecution include the imposition of sentence, a sentence modification hearing, and resentencing."].)  Section 977, subdivision (b)(1), requires that "in all cases in which a felony is charged, the accused shall be physically present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence.  The accused shall be physically or remotely present at all other proceedings unless they waive their right to be physically or remotely present,

5

with leave of court and with approval by defendant's counsel." (See §§ 1043, subd. (a) ["Except as otherwise provided in this section, the defendant in a felony case shall be personally present at the trial."], 1193, subd. (a)(1) ["If the conviction is for a felony, the defendant shall be personally present when judgment is pronounced against them."].)  Section 977, subdivision (b)(1), thus requires a defendant to be physically present at certain critical proceedings, including sentencing, but allows the defendant to waive the statutory right to be present at "all other proceedings." (§ 977, subd. (b)(1).)[5]

In *Davis*, our Supreme Court held a defense counsel's representation that his client was aware of the purpose of a pretrial hearing but had decided to "waive his presence" was insufficient to show the defendant had "knowingly and intelligently waived his right to presence at the hearing" under the federal or state constitutions or pursuant to the waiver requirements of section 977.  (*Davis, supra*, 36 Cal.4th at pp. 530-532.)  As to the defendant's statutory right to be present, the court found there was no written or otherwise valid waiver on the record.  As to the defendant's constitutional right to be present at the hearing, *Davis* found no evidence the defendant understood the right he was waiving.  The court explained, "[a]ll the record shows is that defense counsel represented to the court that counsel had discussed the hearing with defendant and that defendant would waive his presence.  There is no evidence that

---

[5]    Section 977 was amended twice after Bowen's 2023 sentencing.  (See Stats. 2023, ch. 190, § 3, eff. Sept. 13, 2023 (S.B. No. 135); Stats. 2024, ch. 51, § 10, eff. July 2, 2024 (A.B. No. 170).)  The subdivisions relevant to Bowen's appeal were not affected by the amendments, and we cite the current section.

defense counsel informed defendant of his right to attend the hearing; nor is there evidence that defendant understood that by absenting himself from the hearing he would be unable to contribute to the discussion of the contents of the tape recording [the subject of the pretrial hearing]." (*Davis,* at p. 532.)

And in *People v. Quan* (2023) 96 Cal.App.5th 524 (*Quan*), the Court of Appeal held a defense counsel's representation that "'I do have authority to appear on his behalf pursuant to 977(b)'" was insufficient to waive the defendant's right to appear at a section 1172.6 evidentiary hearing. (*Quan,* at p. 535; see *People v. Johnson* (2013) 221 Cal.App.4th 943, 957 [counsel's waiver insufficient when record showed he informed defendant only that the jury wanted a transcript of her testimony and not that she would be absent for other jury questions].)

We review de novo the validity of a defendant's waiver of his or her right to be present at a criminal proceeding. (See *People v. Perry* (2006) 38 Cal.4th 302, 311; *People v. Waidla* (2000) 22 Cal.4th 690, 741.)

B. *The Trial Court Erred When It Resentenced Bowen Without a Valid Waiver*

The People do not challenge Bowen's right to be present at his resentencing hearing and argue instead he waived the right through counsel. But to be valid, the waiver must be voluntary, knowing, and intelligent (see *Mendoza, supra,* 62 Cal.4th at pp. 898-899; *Davis, supra,* 36 Cal.4th at p. 531), and there is no evidence of any of these factors in the record. Bowen's counsel thus did not validly waive Bowen's right to be present at his resentencing.

The evidence of Bowen's waiver is even less than the deficient showing in *Davis*. (See *Davis, supra*, 36 Cal.4th at p. 532 ["All the record shows is that defense counsel represented to the court that counsel had discussed the hearing with defendant and that defendant would waive his presence."].) Here, there is no evidence in the record that counsel informed Bowen of his right to attend the resentencing, that Bowen agreed, or that Bowen understood his absence meant he would be unable to participate in his own resentencing. By contrast, there is evidence in the record suggesting Bowen did not know he was waiving his right to be present at his own resentencing. Bowen's counsel indicated the court had conducted two other hearings on remand without resentencing Bowen, and the nature of the colloquy indicates counsel did not expect the court to resentence Bowen on August 3, 2023. Indeed, the court's initial question to the parties at the hearing was whether they had any papers for it to consider, suggesting it had not yet considered the parties' arguments or evidence. Bowen's counsel asked the court for a continuance to prepare his papers, which the court effectively denied by stating its tentative (to which the People submitted), and then resentencing Bowen to the middle term.

Further, defense counsel's invocation of section 977 was insufficient to waive Bowen's right to be present under the express terms of the statute. While section 977, subdivision (b)(1), permits an accused to be absent from "all other proceedings," it expressly requires a defendant to "be physically present . . . at the time of the imposition of sentence."[6]

_____

[6] Notwithstanding any other provision of section 977, subdivision (d)(1) authorizes the court to allow a felony defendant

8

We are not persuaded by the People's argument the trial court could "'rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings.'" (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110; accord, *People v. American Bankers Ins. Co.* (1987) 191 Cal.App.3d 742, 745.) *Fedalizo* and *American Bankers*, on which the People rely, both involved misdemeanor defendants. Section 977, subdivision (a), permits a misdemeanor defendant to appear through counsel without a formal waiver. By contrast, section 977, subdivision (b)(1), requires "in all cases in which a felony is charged, the accused shall be personally present . . . at the time of the imposition of sentence." *Fedalizo, American Bankers,* and section 977, subdivision (a), do not apply because Bowen was convicted of a felony.

C.    *We Cannot Conclude Beyond a Reasonable Doubt That Bowen's Absence Did Not Affect the Outcome of the Resentencing Hearing*

Under the federal Constitution, error pertaining to a defendant's presence or absence from his sentencing is evaluated under the harmless beyond a reasonable doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23 (*Chapman*). (See *Davis, supra,* 36 Cal.4th at p. 532.) "Under that standard,

---

to appear by counsel at a proceeding, with or without a waiver, under certain circumstances. Section 1193, subdivision (a)(1), also allows a felony defendant to request in open court and on the record, or by notarized writing, that judgment be pronounced against the defendant in his or her absence. Neither party argues sections 977, subdivision (d)(1), or 1193, subdivision (a), apply in this case.

the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.'" (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*).)

*Basler* applied the *Chapman* standard and held the defendant's absence from a hearing to determine resentencing eligibility was not harmless beyond a reasonable doubt. (See *Basler, supra,* 80 Cal.App.5th at pp. 57-59; accord, *Quan, supra,* 96 Cal.App.5th at p. 536.) Noting the defendant bore the burden of demonstrating his absence resulted in prejudice, *Basler* determined it would be speculative to conclude the defendant's presence would not have affected the outcome of the resentencing. *Basler* reasoned the hearing "may well turn on disputed issues of fact 'about which [Basler]—as a participant in the events in question—may well have had something to say.' [Citation.] . . . '[T]he trial court may, or may not, have chosen to believe what [Basler] might have said, if he said anything, but we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome.'" (*Basler,* at p. 59; see *Quan, supra,* 96 Cal.App.5th at p. 533 [similar]; *Cutting, supra*, 42 Cal.App.5th at p. 350 [defendant's exclusion from resentencing hearing was not harmless beyond a reasonable doubt because the defendant "may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency"].)

Bowen contends his absence from the resentencing hearing was prejudicial because he could have offered substantial mitigating factors related to his posttrial and original sentencing conduct that may have persuaded the judge to impose either a low term or a probationary sentence, which the prosecution

10

recommended at Bowen's original sentencing. In particular, Bowen argues "he could have supplemented the court's understanding of any possible post-original sentencing factors, such as any subsequent psychological counseling and enrollment in rehabilitative programs exploring the causative factors leading to his commission of the stalking behavior. He may also have made a convincing plea for mercy that could have moved the court to modify his sentence to a probationary sentence rather than the two-year prison term the court imposed." Bowen's arguments are well taken. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460 ["[I]t is well settled that when a case is remanded for resentencing after an appeal, the defendant is entitled to 'all the normal rights and procedures available at his original sentencing' [citations], including consideration of any pertinent circumstances which have arisen since the prior sentence was imposed."]; *People v. Yanaga* (2020) 58 Cal.App.5th 619, 622 [trial court prejudicially erred when "[i]t refused to consider appellant's postjudgment rehabilitative efforts in prison because it mistakenly believed it could consider only information before the original sentencing court"].) Bowen additionally contends he could have asked for mental health diversion.

As in *Basler,* we cannot say from this record that Bowen's absence from his resentencing hearing was harmless beyond a reasonable doubt. As stated, the record before us reflects that neither the court nor Bowen's counsel expected resentencing to occur on August 3, 2023. At the beginning of the hearing, the court asked whether the parties intended to submit briefs. Defense counsel asked for a continuance to prepare papers for the court to consider. The record does not show counsel was fully prepared to argue Bowen's case that day, let alone to present

mitigating evidence before the court ruled. In this context, Bowen's absence from his resentencing hearing is significant because he was unable to assist his counsel with evidence or argument regarding the discretionary sentencing choices before the trial court. Bowen also had no opportunity to address the court personally to express his remorse or relay his postconviction rehabilitative efforts.

The People argue Bowen fails to specify what evidence he may have presented and that Bowen's silence in his appellate briefing about specific mitigating factors establishes beyond a reasonable doubt his presence would not have led to a different outcome. This argument was rejected in *Basler*, and in light of Bowen's contention that he could have presented evidence of psychological counseling and enrollment in rehabilitative programs, as well as made a plea for mercy, the People's argument is unpersuasive.

The People also rely on *People v. Nieves* (2021) 11 Cal.5th 404 (*Nieves*), but that case is distinguishable. In *Nieves,* the Supreme Court held that any error arising from the defendant's absence at her restitution hearings was harmless beyond a reasonable doubt. The high court reasoned, "There is nothing in the record to indicate that defendant would have added any significant information about her inability to pay beyond that presented by defense counsel. Defense counsel received notice of the proposed victim restitution almost two months prior to the hearing and thus 'had ample opportunity to discuss the contents with defendant and to seek [her] assistance . . . . Assuming [counsel] did so, defendant's presence at the hearing would have added little to [her] attorney['s] ability to argue' the propriety of the victim restitution payments." (*Id.* at p. 509.) Unlike in

12

*Nieves,* nothing in the record here suggests Bowen's defense counsel had ample opportunity, much less two months, to discuss a sentencing proposal with Bowen or to seek his assistance or input regarding what factors supported a lower sentence or mental health diversion.

The People's other cases, *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 467 and *People v. Wallace* (2008) 44 Cal.4th 1032, 1053 are also distinguishable because no error occurred in those cases. In *Bryant, Smith and Wheeler,* the court reasoned that the defendants failed to demonstrate any of the proceedings at which they were not present were critical stages of the trial, and therefore the defendants were unable to show the outcome of the trial would have been different. (See *Bryant, Smith & Wheeler,* at pp. 465-467.) In *Wallace,* the defendant only missed the beginning of a discussion with prosecution regarding whether a prosecution witness could attend trial; the trial court stopped and waited for the defendant to arrive before continuing. *Wallace* additionally determined the defendant was not entitled to be present at a brief ex parte conversation between the alternate juror and the trial judge. The defendant's absences "in no way adversely affected '"his full opportunity to defend against the charges."'" (*Wallace,* at p. 1053.)[7]

---

[7]  To the extent Bowen asserts he was entitled to a new *Marsden* hearing on remand, we conclude Bowen was not entitled to such a hearing because he retained and was represented by private counsel at resentencing. (See *In re V.V.* (2010) 188 Cal.App.4th 392, 398 ["The procedure specified by *Marsden* for discharging appointed counsel and appointing new counsel for an indigent defendant is inapplicable to retained counsel."].)

## DISPOSITION

The judgment following resentencing is reversed, and the matter is remanded. The trial court is directed to conduct a new resentencing hearing at which Bowen will either be present or provide a knowing, intelligent, and voluntary waiver of his presence.


MARTINEZ, P. J.

We concur:


SEGAL, J.


STONE, J.

14